THE STATE OF OHIO, APPELLEE, *v.* IRVIN, APPELLANT.

(No. CA86-10-019—Decided May 4, 1987.)

---

*Ronald C. Carey,* prosecuting attorney, for appellee.

*Timothy S. Chappars,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Clinton County.

On May 3, 1985, defendant-appellant, Jeffrey Irvin, was indicted on a single-count indictment for the offense of aggravated burglary. He entered a plea of guilty to the lesser included offense of burglary, a violation of R.C. 2911.12[1] and, on September 20, 1985, was sentenced to a term of imprisonment of from five to fifteen years. Additionally, appellant was ordered to pay the costs of prosecution and to make restitution to one Norman Harvey.

On August 18, 1986, a hearing was held to determine, *inter alia,* the issue of restitution. At this hearing, the state presented the testimony of Juanita B. Harvey, the wife of Norman Harvey. Harvey testified that her Clarksville, Ohio, residence was "robbed" during the afternoon and evening hours of March 28, 1985, and was "fired" the next morning. As a result of these two distinct incidents, Harvey estimated that her "total contents loss, came very close to $82,000." Of this sum, according to Harvey, the loss attributable to the "robbery" was $27,000.

By judgment entry dated September 29, 1986, the trial court ruled, *inter alia,* that:

"* * * [I]t is determined, from all of the evidence presented that Defendant will make restitution in the amount of Twenty-Seven Thousand Dollars ($27,000) which represents his undivided one-third interest of [the] victim's loss of Eighty-One Thousand Dollars." (From the record, it appears that three individuals were involved in the March 28, 1985 burglary.)

The order of restitution forms the basis of the present appeal. In support of his sole assignment of error, appellant argues that "* * * a trial court [cannot] order a defendant to pay restitution for an offense for which he was neither indicted nor convicted[.]" We agree.

In pertinent part, R.C. 2929.11, penalties for felony, provides:

"(E) * * * The court * * * may require a person who is convicted of or pleads guilty to a felony to make restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, that the person committed.* * *"

Under R.C. 2929.11(E), "* * * the right to order restitution is limited to the actual damage or loss caused by the offense of which the defendant is convicted. * * *" *State* v. *Williams* (1986), 34 Ohio App. 3d 33, 516 N.E. 2d 1270, paragraph one of the syllabus. From its judgment entry dated September 29, 1986, it is obvious that the trial court based its order of restitution on a dollar amount which exceeded the value of the property involved in the

---

[1] R.C. 2911.12 provides:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony.

"(B) Whoever violates this section is guilty of burglary, an aggravated felony of the second degree."

14

burglary, the crime of which appellant was convicted. Again, said entry determined that "* * * Defendant will make restitution in the amount of * * * [$27,000] which represents his undivided one-third interest of [the] victim's loss of [$81,000]." This $81,000 figure, according to the testimony of Juanita Harvey, represented the value of the property involved in *both* the burglary and the arson.

In the present action, appellant was not convicted of arson. Accordingly, under R.C. 2929.11(E), the trial court could not base its order of restitution on a dollar amount greater than the value of the property which was the subject of the burglary. See, *e.g.,* *State* v. *McDonald* (Mar. 29, 1985), Lake App. No. 10-158, unreported.[2] Stated in other words, since appellant was not convicted of arson, the court could not order restitution based upon a dollar amount any part of which was the result of the arson. Appellant's sole assignment of error is hereby sustained.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed, and this cause is remanded for further proceedings according to law, to wit: resentencing of appellant as to restitution.

*Judgment reversed and cause remanded for resentencing as to restitution.*

KOEHLER and YOUNG, JJ., concur.

HENDRICKSON, P.J., dissents.

HENDRICKSON, P.J., dissenting. Although the majority opinion contains a correct statement of the law (*i.e.,* that restitution can be ordered only for the acts which constitute the crime for which appellant was sentenced), I would affirm. After all, we have an unusual situation in that one-third of the total damage, including the arson for which appellant was not charged, equals the amount of restitution due for the burglary to which appellant entered a plea of guilty. Since one convicted of a theft offense may be required to make restitution for all, or any part, of the damage resulting therefrom, I would modify the judgment of the trial court to provide that appellant is ordered to make restitution for the entire loss caused by the burglary unless his partners in the crime each contribute their share. After all, the burglary was a conspiracy, or a joint venture, and as between the trio of burglars and the victim, each burglar should be responsible for the total loss less any contributions from the other burglars.

---

[2] We note, however, that on remand the record *sub judice* would support a restitution order in the amount of $27,000 if said order were based solely on the testimony of Juanita Harvey that her contents loss attributable to the burglary was $27,000. In this case, the trial court apportioned its restitution order among those individuals involved in the burglary. Under R.C. 2929.11(E), this was not strictly required. Again, R.C. 2929.11(E) provides that "[t]he court * * * may require a person * * * to make restitution * * * for *all or part* of the value of the property that is the subject of * * * [the] theft offense * * * that the person committed. * * *" (Emphasis added.)