### State v. Hansen
*[Cite as 2 AOA 383]*

*Case No. 56778*
*Cuyahoga County, (8th)*
*Decided March 22, 1990*

*R.C. 2929.11*

*Harry J. Lehman, Attorney at Law, 1900 Huntington Center, 41 S. High Street Columbus, Ohio 43215, For plaintiff-appellant.*

*Timothy J. Grendell, Jeffrey W. Linstrom, Attorneys at Law, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114.*

*Daniel J. O'Loughlin, Attorney at Law, 1800 Huntington Building, Cleveland, Ohio 44115, For defendant-appellee.*

SWEENEY, J.

Defendant-appellant Peter Hansen ("Hansen") appeals from the order of restitution made by the trial court. For the reasons adduced below, we vacate the lower court's decision and remand the cause to the trial court for further proceedings.

The record reveals that on June 15, 1988, Hansen pled guilty to a charge of theft by deception [R.C. 2913.02(A) (3)], a first degree misdemeanor, in connection with a gold mine investment scam. Hansen was sentenced to a term of six months and a fine of one thousand dollars. Execution of the sentence was suspended, and Hansen was placed on probation for one year on the condition that he (1) pay court costs; (2) pay the one thousand dollar fine; and (3) pay restitution and expenses to the two men who were bilked out of their money, namely Bernard Hocevar and Louis Pyros. On September 8, 1988, the court determined restitution in the amount of $112,116.00.

As part of the restitution determination, the court took into account the victim impact statements made by the parties for the probation department, pursuant to R.C. 2947.051. Hocevar and Pyros claimed restitution due and owing from Hansen of $112,116, yet no receipts were presented. Hansen provided no opposition to this amount.

On September 9, 1988, Hansen filed a "motion for hearing to determine restitution," alleging that due process was violated as no verification of the victims' costs had been shown. Subsequent to that date, the court met with defense counsel, the prosecutor, a probation officer and Hocevar to resolve the disputed restitution amount. The parties could not reach an agreed restitution order.

On October 28, 1988, the court entered its six-page ruling on Hansen's motion. The court, viewing the evidence, an in particular a taped telephone conference call between the principals, determined the amount of restitution to be thirty-three thousand dollars, less twenty thousand dollars in prior payments to Hocevar, and Pyros, for a totaling owing of thirteen thousand dollars plus interest from June 13, 1985 (the date of the taped telephone call).[1]

The earlier restitution amount of $112,116 was vacated.

This appeal raising two assignments of error followed. Discussion of these assignments will be consolidated as they present common questions of law and fact.

I. THE TRIAL COURT ERRED BY ORDERING THE APPELLANT TO PAY RESTITUTION OF $13,000 WITHOUT HOLDING A HEARING TO DETERMINE THE PROPER AMOUNT, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES AND OHIO CONSTITUTIONS.

II. THE EVIDENCE IS INSUFFICIENT TO REQUIRE AN ADDITIONAL RESTITUTION PAYMENT OF $13,000 BY THE APPELLANT TO THE VICTIMS.

These assigments are meritorious.

R.C. 2929.11 provides, in pertinent part:

"(E) *** The court *** may require a person who is convicted of or pleads guilty to a felony to make restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, that the person committed."

The leading case on determining the proper restitution amount is *State* v. *Williams* (1986), 34 Ohio App. 3d 33, which states in its syllabus the following:

"1. Generally, the right to order restitution is limited to the *actual* damage or loss caused by the offense of which the defendant is convicted. Implicit in this principle is that the amount claimed must be established to a reasonable degree of certainty before restitution can be order. (R.C. 2929.11[E], construed.)

"2. A trial court abuses its discretion in ordering restitution in an amount which has not been determined to bear a reasonable relationship to the *actual* losses suffered." (Emphasis added.) See, also, *State* v. *Irvin* (1987), 39 Ohio App. 3d 12; and *State* v. *Trivedi* (1982), 8 Ohio App. 3d 412, 416.

The victim impact statements in the present case, like those in *Williams, supra,* failed to itemize with receipts the economic loss suffered as a result of the theft offense. The only indicia of uncompensated loss came from the taped telephone conversation in which Hansen failed to question the estimated loss amounts stated by Hocevar and Pyros. No receipts, bills, or other documentary evidence of loss was ever submitted to the court. Therefore, the restitution amount ordered cannot be said to bear a reasonable relationship to the *actual* losses suffered since the actual losses were never shown with reasonable certainty by Hocevar and Pyros.

Where evidence of actual losses is not forthcoming from those claiming restitution and the court does not have an evidentiary hearing to determine with reasonable certainty the amount of actual loss, the court abuses its discretion in ordering restitution.

The order of restitution is set aside, and we remand this case for a restitution evidentiary hearing on the actual amount of loss suffered with reasonable certainty by Hocevar and Pyros.

*Judgment vacated and cause remanded.*

DYKE, P.J.
ANN McMANAMON, J. Concur

---

[1] During this telephone call, Hocevar and Pyros told Hansen that their total investment was thirty-three thousand dollars, with expenses including phone bills and travel expenses. Twenty thousand dollars had been returned by Hansen. Hansen did not dispute these figures during the taping.