OPINION
On November 7, 1996, defendant-appellant, Sheral Frede, was charged with one count of aggravated theft in violation of R.C.2913.02(A)(3). Appellant eventually agreed to enter a guilty plea to the charge. The trial court held a plea hearing on November 15, 1996 at which it accepted appellants guilty plea and referred the matter for a presentence investigation.
The trial court held a sentencing hearing on January 6, 1997. The trial court reviewed the presentence investigation report and determined that the total loss suffered by the victim was $140,799.56 and that appellant had already repaid the victim approximately $3,600. The trial court addressed appellant as follows:
 THE COURT: I'm going to be blunt with you Miss Frede. I've looked at the list of things that you say you spent this money on, and I don't believe you spent $135,000. It looks to me like you've listed every single thing you have a check for here for a year. Kroger's and all the rest of those kinds of things. I don't believe you spent this stuff $22.00 bucks at a time, $135,000. I don't know where it is, or what you've done with it, but I don't think that that list reflects what you've spent this money on or where that money might be.
The trial court then sentenced appellant to a four to fifteen year term of imprisonment and ordered her to pay $137,199.54 in restitution. Appellant now appeals setting forth the following assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO A PRISON TERM AND AN ORDER OF RESTITUTION WHEN IT AHS [sic] FAILED TO MAKE AND INQUIRY INTO THE DEFENDANT'S ABILITY TO PAY.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED [sic] THE APPELLANT TO A PRISON TERM AND AN ORDER OF RESTITUTION AND NOT CONDUCTING A HEARING WHICH IS REQUIRED UNDER R.C. 2929.181.
In her first assignment of error, appellant contends that the trial court erred in ordering her to pay $137,199.54 in restitution without first holding a hearing to determine whether she was financially able to pay this sum. The record indicates, and appellant apparently concedes, that the theft offense in this case occurred prior to July 1, 1996 when the sweeping changes to Ohio's felony sentencing law enacted by Am.Sub.S.B. 2 ("S.B. 2") and its progeny took effect. Therefore, we must determine whether the trial court was required to inquire into appellant's ability to pay restitution before imposing a restitution order under Ohio law as it existed prior to the enactment of S.B. 2.
Former R.C. 2929.11(E) governed the authority of a trial court to order restitution at the time the offense in this case was committed and provided, in pertinent part, as follows:
 The court * * * may require a person who is convicted of or pleads guilty to a felony to make restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, that the person committed.
R.C. 2929.11(E) authorizes a trial court to impose an order of restitution upon a defendant who has been convicted of a theft offense. See State v. Warner (1990), 55 Ohio St.3d 31, 68-70. The only limitations on the exercise of this authority are that the restitution ordered may not exceed the actual loss caused by the defendant's illegal conduct and that there must be sufficient evidence in the record from which the court can ascertain the amount of the loss to a reasonable degree of certainty. State v. Brumback (1996), 109 Ohio App.3d 65, 82-83; State v. Marbury (1995), 104 Ohio App.3d 179, 181-82; State v. Williamson (1986),34 Ohio App.3d 33, 34. Neither the language of R.C. 2929.11(E) nor any other provision of the Ohio Revised Code requires a trial court to inquire into the defendant's financial ability to pay restitution before it may impose an order of restitution as part of the defendant's sentence. State v. Lake (1996), 111 Ohio App.3d 127,133. Accordingly, the trial court did not err in imposing a restitution order upon appellant without first holding a hearing to determine her ability to pay restitution.
Appellant nevertheless argues that she was entitled to a hearing under the current version of R.C. 2929.18 which provides, in pertinent part, as follows:
 (A) * * * [T]he court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section * * *. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
 (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss.
* * *
 (E) A court that imposes a financial sanction upon an offender may hold a hearing if necessary to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it.
The legislative history of R.C. 2929.18 indicates that it was enacted by S.B. 2 and that it took effect on July 1, 1996. R.C.2929.18 consequently has no application to this case since the theft offense at issue herein was committed prior to July 1, 1996. Appellant's first assignment of error is overruled.
In her second assignment of error, appellant contends that the trial court erred in ordering her to pay $137,199.54 in restitution without first conducting a hearing under R.C.2929.181 to determine her ability to pay this sum. R.C. 2929.181
was initially enacted by S.B. 2 and was set to take effect on July 1, 1996. However, Am.Sub.S.B. 269 ("S.B. 269") was subsequently enacted on June 28, 1996. Section 2 of S.B. 269 repealed R.C. 2929.181 effective July 1, 1996. Therefore, we hold that appellant was not entitled to a restitution hearing under R.C. 2929.181 because: (1) the theft offense in this case occurred prior to July 1, 1996 when the original version of R.C.2929.181 enacted by S.B. 2 was set to take effect; and (2) S.B. 269 repealed R.C. 2929.181 prior to the statute's effective date such that it never became governing law within the state of Ohio.[1] Appellant's second assignment of error is wholly without merit and is overruled. The judgment of the trial court is hereby affirmed.
YOUNG, P.J., and KERNS, J., concur.
Kerns, J., retired, of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.
[1] It is certainly true that Sub.H.B. 480 ("H.B."), which was enacted on July 17, 1996, attempted to amend R.C. 2929.181
effective October 16, 1996. However, we regard the language of H.B. 480 which purported to amend R.C. 2929.181 as a legal nullity since that portion of the act was, in effect, attempting to amend a statute which did not exist.