This is an appeal from a judgment of the Ross County Common Pleas Court, Juvenile Division, finding appellant, Terry Swiger, to be a delinquent child as defined in R.C. 2151.02 as a result of committing felonious assault in violation of R.C.2903.11(A)(1).
Appellant assigns the following errors:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FINDING THE DEFENDANT GUILTY AGAINST THE WEIGHT OF THE EVIDENCE."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN ORDERING THE DEFENDANT TO PAY RESTITUTION IN THE AMOUNT OF $11,330.42 WITHIN ONE YEAR."
Our review of the record reveals the following facts. On the evening of February 28, 1998, appellant was playing cards with his uncle and some other relatives at his uncle's home. Around midnight, appellant and some of his relatives decided to take the uncle's dog for a walk and to walk to the pizza shop down the street to get a can of soda pop from the machine. On their way back to the house, they passed behind the Valley Bar. Jason Fowler was at the Valley Bar playing pool and having drinks with some friends. Jason Fowler came outside the bar and appellant and Jason Fowler began fighting. During the fight, appellant pulled out a knife and stabbed Fowler three times.
On March 2, 1998, a complaint was filed in the Ross County Common Pleas Court, Juvenile Division, alleging appellant to be a delinquent child as a result of committing felonious assault in violation of R.C. 2903.11(A)(1).
On March 10, 1998, the court held a hearing regarding the delinquency complaint. The trial court heard conflicting evidence regarding the events leading up to the altercation between appellant and Fowler. Jason Fowler testified that someone came inside the bar and told Fowler that appellant and a few other people were standing around Fowler's car. Fowler became concerned about his car because a couple of weeks prior to February 28, 1998, Fowler believed that some of appellant's relatives had slashed the tires on Fowler's car. Thus, Fowler, followed by his uncle, went outside to check on his car.
When Fowler got close to his car, he could see appellant and some of appellant's relatives standing behind his car. Fowler testified that when appellant and the others saw Fowler coming, everyone but appellant left and headed back home. Fowler asked appellant what he was doing standing around Fowler's car. Fowler could not recall appellant's response. Fowler then struck appellant. Fowler further testified that he used only his hands during the fight and did not possess any weapons on his person that evening.
Eric Knisley, one of Fowler's friends and an eyewitness to the altercation, testified that appellant hit Fowler first. Knisley further testified that a crowd of approximately ten to twelve people gathered to observe the fight. Another patron of the bar that evening testified that a crowd of ten to fifteen people gathered.
Harry Fowler, Jason Fowler's uncle, testified that he was at the bar with Jason. Harry stated that as he followed Jason outside the bar, he observed appellant and at least one other person standing behind Jason's car. Harry testified that Jason shoved appellant and then the two began fighting.
In his defense, appellant testified that Jason came out of the bar with his uncle yelling at him and asking him why appellant was "messing with" his car. Appellant further stated that many other people also came out of the bar. Appellant stated that Jason began shoving him and hitting him.
Appellant claimed that he pulled the knife in self-defense. Appellant stated that he feared for his safety and feared that he was in imminent danger because many people he did not know were standing nearby and watching the fight. Appellant also stated that he did not know whether Jason had a weapon in his pocket. Additionally, appellant stated that Jason was beating his head into the concrete. The state noted on cross-examination, however, that the only injury discovered on appellant was a minor injury to the back of his head.
During his final argument, appellant did not dispute whether the state met its burden of proof with respect to the offense of felonious assault. Rather, appellant argued that the preponderance of the evidence demonstrated that appellant acted in self-defense. Appellant noted that Jason admitted to being the initial aggressor. Thus, appellant asserted that the main issue in evaluating appellant's defense was whether appellant used a reasonable amount of force and whether appellant was justified in his belief. Appellant argued that he was justified in using the knife to defend himself for the following reasons: (1) Jason came out of the bar with his uncle and his uncle was standing very close to Jason and appellant during the fight; (2) other persons who appellant did not know came outside the bar and gathered around the fight; (3) appellant did not know whether Jason had a knife or other weapon on his person; (4) appellant knew Jason had a propensity for violence; and (5) Jason is approximately 40 pounds heavier than appellant and perhaps two to three inches taller.
On April 16, 1998, the trial court found appellant to be a delinquent child by reason of committing felonious assault. The trial court committed appellant to the Ohio Department of Youth Services, but suspended the commitment and placed appellant on probation. The terms of appellant's probation required,inter alia, appellant to pay restitution for Fowler's injuries within one year.
Appellant filed a timely notice of appeal.
 I
In his first assignment of error, appellant asserts that the trial court erred by finding appellant delinquent by reason of committing felonious assault. In particular, appellant argues that the manifest weight of the evidence supports a finding that appellant acted in self-defense. We disagree with appellant.
A trial court may enter a finding of delinquency when the evidence demonstrates, beyond a reasonable doubt, that the child committed an act which would have constituted a crime if committed by an adult. R.C. 2151.35(A); Juv.R. 29(E). Accordingly, we employ the same standard of review applicable to criminal convictions claimed to be against the manifest weight of the evidence when determining whether a trial court's delinquency adjudication is against the manifest weight of the evidence. See In re Watson (1989), 47 Ohio St.3d 86, 91,548 N.E.2d 210, 216.
When considering a claim that the trial court's judgment is against the manifest weight of the evidence, the reviewing court sits, essentially, as a " 'thirteenth juror' and [may] disagree[ ] with the fact finder's resolution of the conflicting testimony." State v. Thompkins (1997), 78 Ohio St.3d 380,387, 678 N.E.2d 541, 546-47 (quoting Tibbs v.Florida (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 2218,72 L.Ed.2d 652). The reviewing court must dutifully examine the entire record, weighing the evidence and considering the credibility of witnesses, while being mindful that credibility generally is an issue for the trier of fact to resolve. Statev. Thomas (1982), 70 Ohio St.2d 79, 80, 434 N.E.2d 1356, 1357;State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Once the reviewing court has finished its examination, the court may reverse the judgment of conviction if it appears that the fact finder, in resolving conflicts in evidence, " 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " Thompkins,78 Ohio St.3d at 387, 678 N.E.2d at 547 (quoting State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720-21). If the state presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, a reviewing court will not reverse the judgment of conviction as against the manifest weight of the evidence. State v. Eley
(1978), 56 Ohio St.2d 169, 383 N.E.2d 132, syllabus.
Upon our review of the entire record, we find that the trier of fact did not clearly lose its way and create a manifest miscarriage of justice. We find substantial, competent, credible evidence upon which to sustain the trial court's delinquency adjudication.
Appellant does not dispute whether the state established, beyond a reasonable doubt, that appellant committed the offense of felonious assault. Rather, appellant argues that the fact finder committed a manifest miscarriage of justice by failing to conclude that appellant established, by a preponderance of the evidence, that he acted in self-defense.
To establish self-defense, a defendant bears the burden of proving by a preponderance of the evidence that:
 "(1) the defendant was not at fault in creating the violent situation, (2) the defendant had a bona fide belief that [he] was in imminent danger of death or great bodily harm and that [his] only means of escape was the use of force, and (3) the defendant did not violate any duty to retreat or avoid the danger."
State v. Thomas (1997), 77 Ohio St.3d 323, 326,673 N.E.2d 1339, 1342. See, also, State v. Melchior (1978),56 Ohio St.2d 15, 381 N.E.2d 195; State v. Williford (1990),49 Ohio St.3d 247, 551 N.E.2d 1279; State v. Jackson (1986),22 Ohio St.3d 281, 490 N.E.2d 893, cert den. (1987),480 U.S. 917.
Furthermore, the amount of force used in self-defense must be reasonable. As the court stated in State v. Fox (1987), 36 Ohio App.3d 78,79, 520 N.E.2d 1390, 1391, "one may use such force as the circumstances require in order to defend against danger which one has good reason to apprehend." We note that whether the defendant used unreasonable force in repelling a perceived danger is a question of fact for the trier of fact. State v.Bruckner (Sept. 30, 1993), Cuyahoga App. No. 63296, unreported;State v. Howard (May 26, 1992), Montgomery App. No. 12533, unreported.
Assuming, arguendo, that appellant established the first and third elements outlined above, we find slight evidence in the record which tends to suggest that appellant subjectively believed that he was in imminent danger of death or great bodily harm and that the only means to escape the harm was by using a knife. The evidence is undisputed that the victim did not have a weapon on his person during the fight. The evidence is undisputed that the victim used only his fists during the fight. The evidence demonstrates that only appellant and the victim were involved in the fight. While we do not doubt that appellant may well have feared he would suffer some injury, under the circumstances present in the case sub judice we agree with the trial court's conclusion that appellant did not have reasonable grounds for an honest belief that he was in imminent danger of death or great bodily harm. Furthermore, we agree with the state that appellant used more force than reasonably necessary to defend himself.
We recognize that the parties introduced conflicting evidence at trial. We again note, however, that issues relating to the credibility of witnesses and the weight to be given are primarily for the trier of fact. See Thomas; DeHass. The trier of fact is free to believe all, part, or none of the testimony of each witness who appears before it. State v. Caldwell
(1992), 79 Ohio App.3d 667, 607 N.E.2d 1096. In State v. Awan
(1986), 22 Ohio St.3d 120, 123, 489 N.E.2d 277, 280, the court emphasized that appellate courts must defer conflicts in the evidence to the trier of fact who had the opportunity to hear witnesses and observe their demeanor: "The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its judgment for that of the trier of fact."
Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II
In his second assignment of error, appellant asserts that the trial court erred by ordering appellant to pay restitution of $11,108.25 plus poundage within one year.[1] Appellant does not contest the trial court's authority to require appellant to make restitution. Rather, appellant contends that requiring appellant, an indigent teenager, to pay such a large sum of money within one year simply is not reasonable.
Initially, we note that an appellate court should not reverse a trial court's decision regarding the disposition of a delinquency case absent an abuse of discretion. An abuse of discretion connotes an attitude that is unreasonable, arbitrary, or unconscionable. See In re Jane Doe (1991),57 Ohio St.3d 135, 137, 566 N.E.2d 1181, 1183.
In the case sub judice, we do not believe that the trial court committed an abuse of discretion in structuring the restitution payment. The trial court reasonably could have found appellant capable of earning the money through a part-time job over the next year. Furthermore, we note that a trial court is not required to inquire into an offender's financial ability to pay restitution prior to ordering restitution. See State v. Dingess (Apr. 30, 1998), Cuyahoga App. No. 72451, unreported; see, also, State v. Lake (1996),111 Ohio App.3d 127, 675 N.E.2d 1258.
Additionally, we note that should appellant's circumstances render him unable to pay the restitution as ordered, appellant's probation would not necessarily be revoked. We note that in State v. Walden (1988), 54 Ohio App. 160,561 N.E.2d 995, the court held that revoking a defendant's probation simply because he cannot pay restitution violates the Equal Protection Clause of the United States Constitution when no evidence exists that the defendant willfully or intentionally failed to pay restitution. See, also, State v. Kreuzer (Dec. 19, 1997), Greene App. No. 97 CA 37, unreported.
Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and appellee shall recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion
For the Court
 BY: _____________________ Peter B. Abele, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] We note that in his second assignment of error, appellant refers to the amount of restitution as $11,330.42. While the trial court initially ordered restitution of $11,330.42, the trial court subsequently amended its order to provide for restitution in the amount of $11,108.25.