OPNION
This appeal is taken by defendant-appellant Ryan Leach from the judgment of the Court of Common Pleas of Shelby County ordering restitution in the amount of $799.00.
On November 19, 1998, Leach was indicted on one count of receiving stolen property. Leach had received a Ruger 9mm handgun, which made the offense a fourth degree felony. On November 30, 1998, Leach entered a guilty plea to one count of receiving stolen property. Pursuant to a plea agreement, the State deleted all reference to a firearm and set the value of the stolen property between $500.00 and $5,000.00, thus reducing the charge to a fifth degree felony. A presentence investigation was conducted and found no restitution was necessary as the stolen gun had been returned to its owner. On January 5, 1999, a sentencing hearing was held. The trial court ordered Leach to make restitution in the amount of $799.00. It is from this judgment that Leach appeals.
Leach makes the following assignment of error:
 The trial court erred as a matter of law in ordering without a hearing, restitution in the amount of $799.00 as this amount does not bear a reasonable relationship to the crime convicted.
The right to order restitution is limited to the actual losses caused by the offense for which the defendant is convicted. State v. Williams (1986), 34 Ohio App.3d 33, 516 N.E.2d 1270. Before a trial court can impose a restitution order on a defendant, the amount of damages must be established. State v. Lake (1996), 111 Ohio App.3d 127, 675 N.E.2d 1258. However, no hearing is necessary if the damages caused by the theft offense have been determined at trial. Id.
In this case, no trial was held. Leach entered a guilty plea and was sentenced for the offense. The presentence investigation does not establish an amount of damages. Instead, the following dialogue occurred at the sentencing hearing.
The Court: The restitution is $799.00.
 Mr. Richard: What's the basis for that? It's my understanding that —
 The Court: Because he's involved — because the Court's made a determination that that is — even though he — the gun was involved, there's other property that was taken and, in the Court's opinion, he also is responsible for the other items that were taken. So that's the basis of the $799.00 —
 Mr. Richard: We would object to that portion of the sentencing.
At no point during the hearing was a value for the gun established beyond the minimum $500.00 set forth in the charge. Leach was never charged with the theft or receipt of any other items. The sole charge brought against him was receiving the stolen gun. The record suggests that the gun was returned to the rightful owner. The trial court does not have the authority to order Leach to make restitution for items stolen in a theft for which he was not charged. Nor does the trial court have the authority to order restitution for the stolen gun without some basis for determination of a loss to be restored. Thus, the assignment of error is sustained.
The judgment of the Court of Common Pleas of Shelby County is reversed and the cause is remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause
remanded.
HADLEY and SHAW, JJ., concur.