OPINION
Defendant-appellant, Vincent Carosella, appeals from the Struthers Municipal Court's order granting $1,800 in restitution to the victim of the theft offense to which appellant pled guilty. For the reasons set forth below, a portion of the court's restitution order is reversed.
 I. STATEMENT OF FACTS
On December 4, 1996, Arthur Durbin filed an affidavit with the Struthers Prosecutor's Office alleging that appellant "is stealing his S.S. checks and pension threating (sic) his life and making him get the money for him." A criminal complaint was filed charging appellant with fourth degree felony theft by deception and alleging that on or about December 3, appellant stole $400 from Mr. Durbin.
After appellant's arrest, the prosecutor moved to amend the initial charge to first degree misdemeanor theft, presumably because the initial charge was improper. On February 3, 1997, appellant pled no contest to the amended charge. After the court accepted the plea and found appellant guilty, it asked Mr. Durbin how much appellant had taken from him. Although the complaint stated that: appellant stole $400, Mr. Durbin told the court that appellant took $1,800 from him.
The court sentenced appellant to one hundred days in jail with credit for time served and fined appellant $250 plus court costs. The court then ordered appellant to pay restitution to Mr. Durbin in the amount of $1,800 to be paid during a one year probationary period. The within appeal followed.
 II. ASSIGNMENT OF ERROR
Appellant's sole assignment of error provides:
 "The trial court erred in its order of restitution because said restitution ordered riot (sic) bear a reasonable relationship to the loss suffered."
Appellant contends that the court's $1,800 restitution order is not reasonably related to the loss that Mr. Durbin suffered, citing to the complaint which only alleged that Mr. Durbin was deprived of $400. Appellant complains that Mr. Durbin presented no evidence of the losses in excess of the amount to which appellant pled guilty. It is also appellant's allegation that neither he nor his attorney were permitted to respond to Mr. Durbin's new claim of loss. The prosecutor failed to file a brief in opposition to appellant's arguments but did sign an agreed statement of the record.
 III. DISCUSSION
The statute governing the restitution order in the case at bar is R.C. 2929.21 (E) which provides in pertinent part:
 "The court may require a person who is convicted of or pleads guilty to a misdemeanor to make restitution for all or part of the value of the property damage that is caused by the offense and for all or part of the value of the property that is the subject of any theft offense * * * that the person committed."
However, a sentencing court cannot order a defendant to pay restitution for a crime for which he was not convicted. See Statev. Friend (1990), 68 Ohio App.3d 241, 242-43. "[T]he right to restitution is limited to the actual damage or loss caused by the offense of which the defendant is convicted." State v. Williams
(1986), 34 Ohio App.3d 33, 34 (interpreting the felony restitution statute which had language identical to the misdemeanor restitution statute)
The Twelfth Appellate District decided a case which provides additional guidance. In State v. Irvin (1987), 39 Ohio App.3d 12, the appellate court reversed a portion of the trial court's restitution order. Irvin was indicted for aggravated burglary and pled guilty to simple burglary. Id. at 13. During a hearing on the issue of restitution, the victim testified to the loss from the burglary and the loss from an arson which occurred after the burglary. Id. The trial court ordered Irvin to pay restitution in an amount equal to the total estimated loss from both the burglary and the arson. Id. The appellant court reversed the portion of the restitution order that took into account the loss from the arson because Irvin was not convicted of the arson. Id. at 14, citing State v. McDonald (Mar. 29, 1985), Lake App. No. 10-158, unreported.
In McDonald, supra, the defendant was indicted for one count of theft of $36,675 and one count of theft of $10,000. Id. at 2. He was only convicted of count one; however, the sentencing court ordered McDonald to pay $45,000 in restitution. Id. The appellate court reversed the portion of the restitution order that was more than the amount stated under count one of the indictment. Id.
In the case sub judice, the complaint filed against appellant accused him of stealing $400 from Mr. Durbin. Appellant pled guilty to and was convicted of this $400 theft. Nevertheless, at the sentencing hearing, Mr. Durbin changed the amount to $1,800. The court erroneously ordered restitution in an amount $1,400 more than the $400 amount which was contained in the complaint and to which appellant pled.
Due to the preceding reasoning, we need not decide whether there existed sufficient evidence that Mr. Durbin suffered a loss of $1,800. Even if Mr. Durbin did suffer such a loss, appellant was only convicted of stealing $400 and so can only be ordered to repay this amount. See, e.g., Irvin and McDonald, supra.
For the foregoing reasons, the trial court's restitution order is reversed to the extent that it is greater than $400.
Cox, P.J., concurs.
Waite, J., concurs.
 APPROVED: ________________________ JOSEPH J. VUKOVICH, JUDGE