The STATE of Ohio

v.

BEARD et al.

2002-Ohio-2818.]

Court of Common Pleas of Ohio,
Wood County.

Nos. 93CR268, 93CR269 and 93CR270.

Decided Feb. 19, 2002.

Alan R. Mayberry, Wood County Prosecuting Attorney, for plaintiff.

J. Scott Hicks and Wood County Public Defender's Office, for defendants.

---

CHARLES F. KURFESS, Judge.

{¶ 1} This matter comes before the court on the state's Motion to Amend Disbursement of Restitution Order filed January 4, 2001, defendant's Request for Return of Remaining Funds filed October 5, 2001, and the memoranda in support and opposition thereto, and the hearing held September 24, 2001.

{¶ 2} On October 7, 1994, Tracy Snyder, Scott Beard, and Aaron Wentling ("defendants") were indicted on seven counts of vandalism, a violation of R.C. 2909.05(C), a felony of the fourth degree under pre-S.B. 2, for the damage they caused to headstones in Oak Grove Cemetery, a cemetery of the city of Bowling Green. Snyder, Beard, and Wentling eventually entered guilty pleas to one count of vandalism and the remaining counts were dismissed. Snyder and Wentling were sentenced on February 7, 1994, to the Ohio Department of Rehabilitation and Correction for a term of eighteen months. Beard was sentenced on April 27, 1994, to the Ohio Department of Rehabilitation and Correction for a term of eighteen months; however, his sentence was suspended, and he was placed on probation for five years. As part of their sentence, defendants were ordered to pay $18,249.48 in restitution. Each defendant was responsible for any amount over his one-third share if a co-defendant failed to pay his entire share.

{¶ 3} Subsequently, Beard violated the terms of his probation and it was terminated. He was ordered to serve his suspended sentence of eighteen months. Each of the defendants asked for shock probation, and the court granted their motions and placed them on probation. A condition of their probation was that the defendants pay the $18,249.48 in restitution. Defendants paid the full amount of restitution, and in 1999, Snyder, Beard, and Wentling were successfully terminated from probation with their rights of citizenship restored.

{¶ 4} In its motion, the state asks that the court amend its order disbursing restitution monies in case Nos. 93CR268, 93CR269, and 93CR270 to reflect that the $18,249.48 in restitution be paid to the city of Bowling Green for general maintenance of Oak Grove Cemetery. In the Order on Disbursement of Restitution filed September 30, 1994, the court ordered certain monies to be paid to the city of Bowling Green and Maumee Valley Monument Company for repairs already done. The court further stated that the remaining monies would be held by the clerk of courts and distributed only after detailed billing for repair or reconstruction work was provided. Since that order, no further requests for disbursement for repair work has been submitted, and the clerk of courts is holding approximately $12,000 of the restitution.

{¶ 5} Initially, this court questioned whether it had jurisdiction over this matter and whether these motions could be dealt with in the closed criminal cases. Counsel for the state and defendants stipulated to the court's having jurisdiction and that the motions were properly before the court in the criminal cases.

{¶ 6} Defendants argue that this court is without authority to grant the state's motion because restitution must be reasonably related to the offense committed and to the actual loss caused by the offense; therefore, giving the city of Bowling Green money for the general maintenance of the cemetery would be improper.

{¶ 7} At the sentencing hearing, defendants stipulated to the amount of restitution, which was based upon the representation of the state, which apparently relied on the estimate provided by Maumee Valley Monument Company. Defendants argue that they relied in good faith on the estimate provided by the state, and that since a substantial amount of money remains, a fundamental mistake of fact was made by the state, defendants, and the court as to the amount of restitution needed. Equity would dictate that the excess funds should be returned to defendants.

{¶ 8} Defendants contend that the practical effect of the state's motion would be to expand the restitution well beyond the victim's actual economic loss and would be punitive. Defendants further argue that they have successfully completed probation, and that the court has lost jurisdiction to modify the terms of their probation. Defendants assert that the state's motion to amend the disbursement order is an attempt to amend a condition of their probation.[1]

{¶ 9} In response, the state contends that defendants stipulated to the amount of restitution and that the court even granted the state a limited period of

---

1. However, it should be noted that defendants were ordered to pay restitution as a part of the sentence, not simply as a condition of their probation.

time to request additional restitution. The state argues that private companies and citizens donated time and materials to complete some of the repairs and that defendants should not escape their responsibility because of the generosity of others. The state further argues that future repairs and/or replacements may be necessary and that defendants should be responsible for those expenses. Finally, the state asserts that the court is without authority to modify defendants' sentence whether to increase or decrease the amount of restitution; therefore, the court cannot refund the money to defendants.

{¶ 10} Under the pre-S.B. 2 version of R.C. 2929.11(E), a court could "require a person who is convicted of or pleads guilty to a felony to make restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense." Generally, the rule of restitution is that it must be limited to the amount of loss actually caused by the defendant. *State v. Brumback* (1996), 109 Ohio App.3d 65, 82, 671 N.E.2d 1064; *State v. Irvin* (1987), 39 Ohio App.3d 12, 14, 528 N.E.2d 1277. There must be sufficient evidence in the record from which the court can ascertain the amount of restitution to a reasonable degree of certainty. See *State v. Warner* (1990), 55 Ohio St.3d 31, 69, 564 N.E.2d 18, certiorari denied (1991), 499 U.S. 961, 111 S.Ct. 1584, 113 L.Ed.2d 649.

{¶ 11} Under the mandates of R.C. 2929.11 in effect at the time of defendants' criminal offense, this court could not have ordered that defendants pay restitution for the general maintenance of Oak Grove Cemetery because restitution must be based on the actual loss suffered. Therefore, the court finds that the state's motion to amend the distribution order so that the monies be paid for the general maintenance of Oak Grove Cemetery is not well taken.

{¶ 12} Therefore, the question before the court is what to do with the remaining money. The state argues that future repairs may be needed. However, the state has presented no evidence to support this argument. The state also argues that some of the repairs were paid for by donations of others and that defendants should still be held responsible for the amount of those repairs. Again, the state did not present any evidence to this effect. While the state did offer into evidence photographs showing the original damage, it presented no evidence as to the present condition of the damaged headstones or any further need for repairs.

{¶ 13} Of course, defendants argue that the money should be returned to them. The state argues that once defendants began serving their sentence, the court was without authority to modify the amount of restitution. However, the state took a different position at the sentencing hearing. At Snyder's and Wentling's joint sentencing hearing, the court expressed concern about setting an

amount for restitution based on the evidence that it had before it. The state objected to any continuance for the determination of restitution and even suggested that the court allow the amount of restitution to be supplemented with additional receipts. This court issued such an order for a specific period of time.

{¶ 14} Defendants served their time and were successfully terminated from probation. They paid the restitution and costs of their cases as ordered by the court. The city of Bowling Green, having made no further request for reimbursement for repairs since the court's Order on Disbursement filed September 30, 1994, the court concluded that no further funds are necessary for repairs. Therefore, the court finds that in the interests of equity, the money should be returned to defendants.

{¶ 15} IT IS THEREFORE ORDERED that the state's Motion to Amend Disbursement of Restitution Order is hereby denied.

{¶ 16} IT IS FURTHER ORDERED that defendants' Request for Return of Remaining Funds is hereby granted. The clerk of courts shall return any money on deposit as restitution in case Nos. 93CR268, 93CR269, and 93CR270 less costs of these proceedings to defendants, equally, in care of defendants' respective counsel.

Judgment accordingly.