The STATE of Ohio, Appellee,

v.

SINGERMAN, Appellant.

[Cite as *State v. Singerman* (1996), 115 Ohio App.3d 273.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15692.

Decided Oct. 11, 1996.

274

*Mathias H. Heck, Jr.,* Montgomery County, Prosecuting Attorney, and *George A. Katchmer, Jr.,* Assistant Prosecuting Attorney, for appellee.

*Daniel J. O'Brien,* for appellant.

BROGAN, Presiding Judge.

The appellant, Mark Singerman, appeals from the judgment of the Montgomery County Common Pleas Court denying his petition to vacate his conviction for selling anabolic steroids to an agent of the police who had criminal charges pending against him.

In a single assignment of error, Singerman contends the trial court erred in denying him an evidentiary hearing upon his allegation that the state failed to disclose exculpatory information as required by *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215.

In his petition, Singerman alleged that the police have hidden or destroyed tape recordings that would have supported Singerman's entrapment defense. The petition was in the form of an affidavit signed by Singerman.

In a memorandum, the state of Ohio through counsel denied that the state had destroyed any exculpatory tapes. In denying the petition, the trial court noted

that the defendant had not asserted in the appeal of his conviction that the state had failed to reveal exculpatory evidence within its possession that would prove entrapment. The court held that the defendant's failure to raise this issue on direct appeal precluded him from asserting it as a basis for postconviction relief. The court also noted that the petition made only broad conclusionary allegations of prosecutorial misconduct.

■ Where a claim raised by a petition for postconviction relief under R.C. 2953.21 is sufficient on its face to raise an issue that petitioner's conviction is void or voidable on constitutional grounds, and the claim is one that depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief. *State v. Milanovich* (1975), 42 Ohio St.2d 46, 71 O.O.2d 26, 325 N.E.2d 540.

■ The factual allegations made by the appellant are outside the trial record, and thus *res judicata* is not an appropriate ground for dismissing the appellant's petition.

■ The factual allegations asserted by the appellant in his petition are as noted in paragraphs 8, 9, and 10 of the petition:

"8. Petitioner alleges herein that the State of Ohio has hidden and failed to produce, under *Brady v. Maryland,* evidence that would have conclusively proven the entrapment defense offered by the Petitioner at his trial. Petitioner further alleges that the police have hidden and/or destroyed a tape recording, and/or tape recordings, which would have conclusively shown that Mr. Criffield, at police instance and request had to deliver to law enforcement somebody else, was the original *instigator* of a communication raising the issue of his (Criffield's) supposed desperate need for steroids and induced Mr. Singerman to attempt to find steroids to fulfill Criffield's alleged needs. Mr. Criffield was lying.

"9. The Police further hid and/or destroyed evidence which would have proven conclusively that the Petitioner left the place where the transfer was to take place and *withdrew* from said transaction, that Mr. Criffield called Petitioner and begged him to return to the location where there was to be a transfer and was further induced by the police, through Criffield, to complete the transaction.

"10. The Police have further hidden and/or destroyed evidence which would have corroborated the Petitioner's version of all these events."

■ The appellant's petition is sufficiently factual as opposed to conclusory to survive a motion to dismiss. The defense of entrapment is established where the criminal plan originates with the officials of the government and they implant in the mind of the innocent the disposition to commit the alleged offense and induce its commission in order to prosecute. *State v. Doran* (1983), 5 Ohio St.3d

187, 5 OBR 404, 449 N.E.2d 1295. Prosecutorial misconduct may support a R.C. 2953.21 petition for relief. *State v. Walden* (1984), 19 Ohio App.3d 141, 19 OBR 230, 483 N.E.2d 859.

The trial court erred in not providing the petitioner-appellant with an evidentiary hearing. The appellant's assignment of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

*Judgment reversed,*
*and cause remanded.*

WOLFF and FREDERICK N. YOUNG, JJ., concur.