OPINION
{¶ 1} Defendant-appellant Russell Johnson appeals from the denial of his petition for post-conviction relief, without a hearing. Johnson contends that the trial court erred by failing to hold a hearing on his petition.
 {¶ 2} This was Johnson's second petition for post-conviction relief. Consequently, the trial court was not permitted to entertain the petition unless Johnson could show that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense of which he was convicted. R.C. 2953.23(A)(2). Based upon our review of the record, we conclude that Johnson failed to make the requisite showing. Accordingly, the trial court did not err by denying his petition without a hearing, and the judgment of the trial court is Affirmed.
 I {¶ 3} Johnson was convicted of Murder in 1993, and sentenced to imprisonment from 15 years to life. We affirmed his conviction and sentence in 1994, and the Ohio Supreme Court declined to accept jurisdiction.
 {¶ 4} In 1996, Johnson filed a petition for post-conviction relief. The State moved for summary judgment, and judgment was rendered against Johnson on his petition, without a hearing, in 1997. That decision was affirmed by this court in 1998.
 {¶ 5} Johnson filed a second petition for post-conviction relief in 2001. That petition was denied without a hearing in 2002. From the denial of his second petition for post-conviction relief, without a hearing, Johnson appeals.
 II {¶ 6} Johnson's First Assignment of Error is as follow:
 {¶ 7} "The Trial Court Erred In Failing To Order A Hearing On Appellant's Second Petition To Vacate Plea When The Appellant Meets The Requirements Of R.C. 2953.23."
 {¶ 8} A person convicted of a criminal offense may petition for post-conviction relief pursuant to R.C. 2953.21 if that person asserts "that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1). A person convicted of a criminal offense may file a second or successive petition for post-conviction relief, but certain conditions must be satisfied before the trial court is permitted to entertain the petition. R.C.2953.23(A). One of these is set forth in R.C. 2953.23(A)(2), as follows:
 {¶ 9} "The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted . . ."
 {¶ 10} The above-quoted condition imposes a strict limitation upon consideration of second and successive petitions for post-conviction relief, in recognition of the value of finality of judgment.
 {¶ 11} Johnson asserts three constitutional errors at trial. In the first of these, he contends that the prosecutor suppressed exculpatory evidence, in violation of Brady v. Maryland (1963),373 U.S. 83. Specifically, he contends that the prosecutor should have produced the record of a polygraph examination of Jewell Dockery, the mother of the infant victim, who testified for the State at trial. Johnson recognizes that the alleged conclusion of the polygraph examiner that Jewell Dockery was being deceptive would not have been admissible at his trial, but contends that he should have had the opportunity to place before the jury the statements Jewell Dockery made to the polygraph examiner.
 {¶ 12} What Johnson failed to do was to indicate what Jewell Dockery's statements to the polygraph examiner were. Without knowing that, there is no way that the trial court could determine that, but for the alleged constitutional error of the State having failed to produce the statements, no reasonable factfinder would have found Johnson guilty of the charged offense. R.C. 2953.23(A)(2) requires that showing as a predicate for the trial court's entertaining a second petition for post-conviction relief.
 {¶ 13} Next, Johnson contends that the State suppressed a tape recording of his interrogation by police officers. Again, however, he has made no showing of what that tape recording would have proven, had it been preserved and made available to defense counsel at trial. Without knowing what the tape recording would have proven, there is no way to make the determination, required by R.C. 2953.23(A)(2), that, but for constitutional error at trial, no reasonable factfinder would have found Johnson guilty of the charged offense, even assuming that the State's failure to preserve this evidence, which the State contends to have been the result of an inadvertent malfunctioning of the tape recorder, constituted constitutional error.
 {¶ 14} Johnson cites State v. Singerman (January 29, 1999), Montgomery App. No. 17477. We fail to see how that citation is of any help to Johnson at all, but he may be attempting to rely upon our earlier decision in State v. Singerman (1996), 115 Ohio App.3d 273, in which we held that a claim that the State had hidden or destroyed a tape recording that would have tended to prove the defense of entrapment made out a claim for post-conviction relief cognizable under R.C. 2953.21. It appears, however, that in Singerman, supra, we were dealing with an initial petition for post-conviction relief, not regulated by the severe limitation imposed by R.C. 2953.23(A)(2). In any event, in the case before us, Johnson has made no showing that, but for the alleged suppression by the State of the tape recording of his confession, no reasonable factfinder would have convicted him of the charged offense.
 {¶ 15} Finally, Johnson alleges juror misconduct. Specifically, he contends that an investigator has discovered, from talking with the foreperson of his jury, that one of the jurors "who wore a hearing aid had turned it off during the presentation of evidence and had commented to [the foreperson] that he didn't need it since he read about the case in the newspapers." Again, this claimed error, in order to be entertained in a second petition for post-conviction relief, must satisfy the R.C.2953.23(A)(2) requirement that, but for this error, no reasonable factfinder would have found Johnson guilty of the offense of which he is charged. No structural error concerning the mechanics by which the jury was constituted, and by which the jury considered the evidence, can satisfy this requirement, since the requirement is not couched in terms of the actual factfinder at trial, but in terms of a hypothetical "reasonable factfinder." As long as a reasonable factfinder could have found Johnson guilty of the Murder of Tabitha Dockery, the requirement of R.C. 2953.23(A)(2) is not satisfied, and the trial court is not permitted to entertain a second or successive petition for post-conviction relief.
 {¶ 16} With respect to none of the matters that Johnson claims to have been a constitutional error at trial, is the requirement of R.C.2953.23(A)(2) satisfied. Accordingly, the trial court was not permitted to entertain his petition.
 {¶ 17} Johnson's First Assignment of Error is overruled.
 III {¶ 18} Johnson's Second Assignment of Error is as follows:
 {¶ 19} "The Trial Court Erred In Failing To Order A Hearing On Appellant's Second Petition For Post Conviction Relief Due To The Ineffectiveness Of Post Conviction Counsel."
 {¶ 20} In connection with this assignment of error, Johnson argues that the counsel who handled his first petition for post-conviction relief was ineffective. This circumstance, even if true, does not relieve him of the requirement, imposed by R.C. 2953.23(A)(2), that he must demonstrate that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense of which he was convicted. The statute contains no exception to this requirement for a situation in which a second or successive petitioner for post-conviction relief received ineffective assistance of counsel in connection with his first petition for post-conviction relief.
 {¶ 21} As noted in Part II, above, we conclude that Johnson has failed to make the requisite showing that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense of which he was convicted. Accordingly, the trial court was not permitted to entertain his petition, and Johnson's Second Assignment of Error is overruled.
 IV {¶ 22} Both of Johnson's assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY and YOUNG, JJ., concur.