The STATE of Ohio, Appellee,

v.

COCKERHAM, Appellant.

[Cite as *State v. Cockerham* (1997), 118 Ohio App.3d 767.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APA09–1201.

Decided March 13, 1997.

*Ronald J. O'Brien,* Franklin County Prosecuting Attorney, and *Diane Paul,* Assistant Prosecuting Attorney, for appellee.

*Joseph E. Scott,* for appellant.

JOHN C. YOUNG, Judge.

Appellant, Christopher L. Cockerham, was indicted by the Franklin County Grand Jury for one count of receiving stolen property, in violation of R.C. 2913.51, a felony of the third degree. On May 21, 1996, appellant entered a plea of guilty to the stipulated lesser included offense of receiving stolen property, a felony of the fourth degree. Appellant appeared before the trial judge with counsel and was sentenced to a one-and-one-half-year determinate sentence. The trial court suspended the sentence and placed appellant on probation under the following conditions:

"The suspension is to be continued from this date May 21, 1996 for a period of one year upon the following terms and conditions, to wit: Defendant shall serve

two consecutive weekends (May 24 and May 31, 1996) in the Franklin County Correctional Center; pay restitution in the amount of $95 to Marilyn Hughes; successfully complete the Chamber of Commerce Theft Program; no new violations of law. If he violates any one or more of the terms and conditions set out above, the suspension shall be revoked and this period of probation terminated; otherwise, the Defendant shall be released from the custody of this Court upon completion of the probation period. The Defendant shall also pay the costs of this prosecution and abide by the rules and regulations of the Probation Department."

Thereafter, on July 8, 1996, the office of the Franklin County Prosecuting Attorney filed a motion requesting that the trial court reconsider the amount of restitution. Apparently, once the victim was notified of the sentence imposed in the case, she contacted the office of the prosecuting attorney and indicated that the amount of damages she suffered exceeded the $95 of restitution ordered by the court, and that her damages were in the neighborhood of $2,600. The motion was heard by the trial court on July 24, 1996. Appellant again appeared with counsel and over appellant's objections, the court amended the entry and altered the amount of restitution as follows: "Defendant shall * * * pay restitution in the amount to be determined by the Probation Department to Marilyn Hughes." A review of the transcript indicates that the trial court left the amount of restitution to be determined by the probation department because the state was unable to establish what the victim's damages actually were.

Appellant filed a timely appeal wherein he asserts the following three assignments of error:

"Assignment of Error One

"The trial court erred in granting the state's motion for reconsideration more than three months after the final sentence was imposed.

"Assignment of Error Two

"The trial court erred by conditioning probation upon restitution to the victim in an amount to be determined by the adult probation department.

"Assignment of Error Three

"The trial court erred when it amended the restitution order three months after the imposition of the original sentence and after defendant had commenced execution of his sentence."

Appellant's assignments of error are interrelated and will be addressed together.

This court has carefully reviewed the case law in Ohio, but we are unable to find a case which is directly on point. However, based upon our review of the case law presented by both appellant and the state, and consideration of other

cases discovered by this court, this court is not convinced by the arguments advanced by the state in support of the trial court's authority to have modified appellant's sentence. While this court agrees that Civ.R. 60(B) motions have been recognized in the criminal context, this court finds that, as a matter of law, the original sentence imposed on appellant by entry dated May 23, 1996, was a valid sentence which the court did not have the authority to modify. *State v. Addison* (1987), 40 Ohio App.3d 7, 530 N.E.2d 1335; *Brook Park v. Necak* (1986), 30 Ohio App.3d 118, 30 OBR 218, 506 N.E.2d 936. Furthermore, this court is not persuaded by the argument advanced by the state that, since appellant had not paid any restitution, he had not yet begun to serve that portion of his sentence and, therefore, the trial court had the authority to modify the amount of restitution.

In the present case, there was a negotiated plea agreement which the trial court had the authority to accept or reject. However, once execution of a sentence commences, the trial court may not amend the sentence to increase the punishment. *Columbus v. Messer* (1982), 7 Ohio App.3d 266, 268, 7 OBR 347, 348–349, 455 N.E.2d 519, 521–522.

The state argues that since that portion of appellant's sentence that provided for restitution had not commenced, the above law does not apply. However, the state can provide no case law to support that distinction. The state argues that public policy favors affirmance of the trial court's actions because, without the modification to the amount of restitution that appellant is ordered to pay, the victim loses money. This court is not persuaded by this argument. Apparently the victim's car was damaged when the steering column was stripped and the car was stolen. When the prosecutor negotiated the plea with the appellant, the prosecutor based the amount of restitution of $95 on a notation he had that $95 was the cost that the victim had to pay to recover her vehicle. Apparently, no one inquired of the victim as to what it cost her to repair the damage to her vehicle, even though that information could have easily been elicited from her. The failure on the part of the state to present the court with all of the evidence supporting the amount of damages to the victim's car has nothing to do with whether or not the sentence imposed was valid.

Furthermore, even if the trial court did have the authority to modify the original sentence, it would have been improper for the trial court to leave the determination of the amount of restitution to be paid the victim up to the probation department. R.C. 2929.11 provides that a trial court may require a person who pleads guilty to a felony to make restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense. In *State v. Williams* (1986), 34 Ohio App.3d 33, 34, 516 N.E.2d 1270, 1271–1272, the court of appeals of Clark County stated as follows:

"Generally, the right to order restitution is limited to the actual damage or loss caused by the offense of which the defendant is convicted. Implicit in this principle is that the amount claimed must be established to a reasonable degree of certainty before restitution can be ordered.

"* * *

"* * * [T]here must be a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered. See *State v. Trivedi* (1982), 8 Ohio App.3d 412, 416, 8 OBR 534, 539, 457 N.E.2d 868, 873."

Therefore, this court finds that the trial court is required to make the determination as to the amount of restitution. Although it would be proper to allow the probation department to structure a payment schedule, it is not proper to allow the probation department to make the determination as to what the amount of restitution would be. See *State v. Irvin* (1987), 39 Ohio App.3d 12, 528 N.E.2d 1277.

Based on the foregoing, appellant's assignments of error are sustained, and the judgment of the Franklin County Court of Common Pleas modifying the amount of restitution is reversed, and this matter is remanded to the trial court so that the trial court can impose the original sentence.

*Judgment reversed*
*and cause remanded.*

PEGGY BRYANT and DESHLER, JJ., concur.