OPINION
{¶ 1} Defendant-Appellant, Christopher Wells ("Appellant"), appeals his conviction and sentence for attempted felonious assault entered by the Seneca County Common Pleas Court. Appellant's failure to file a transcript of the trial court's proceedings precludes this Court from reviewing his contentions with regards to his first and second assignments of error. Additionally, although Appellant contends that the trial court erred by stating in its judgment entry that the amount of restitution would increase in the future, we find this issue to not be ripe for review considering no modification or increase in the amount of restitution ordered has been made.
 {¶ 2} Facts and procedural history pertinent to the issues on appeal are as follows. On March 13, 2002, Appellant pled guilty and was convicted of one count of attempted felonious assault, a felony in the third degree. Thereafter, Appellant was sentenced to a maximum term of five years in prison. Additionally, the trial court ordered Appellant to pay $342,874.74 in restitution. The sentence was journalized in a March 14, 2002 entry, wherein the trial court stated that the restitution amount "will be increased in the future." From this decision, Appellant appeals, asserting three assignments of error for our review. Notably, no record or transcript of the trial court's proceedings have been filed with this Court.
 Assignment of Error I {¶ 3} "In not abiding with statutory guidelines, or in the alternative, abusing its discretion, the trial court reversibly erred when it sentenced the defendant-appellant to the maximum sentence for a one-count felony conviction."
 {¶ 4} At the outset, we note that Ohio felony sentencing law requires a trial court to make various findings before it may properly impose a sentence. A trial court must be in strict compliance with the relevant sentencing statutes by making all necessary findings on the record at the hearing on sentencing.[1] Furthermore, when required, the court must state its particular reasons for doing so.[2]
 {¶ 5} Herein, Appellant has failed to file a transcript of the proceedings in the trial court. Both the Ohio Supreme Court and this Court have noted that "[w]hen a party seeks an appeal, the appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is the appellant's duty to provide the reviewing court with an adequate transcript."[3] App.R. 9 provides the procedure for making the transcript a part of the record. This rule also provides alternatives if for some reason a transcript is not available.[4] This Court "must presume the regularity of the trial court proceedings" in the absence of a complete and adequate record.[5] By failing to file a transcript, Appellant has not demonstrated his claimed error. Therefore, we must find that the trial court properly instituted the maximum sentence imposed and affirm the court's decision.
 {¶ 6} For these reasons, Appellant's first assignment of error is overruled.
 Assignment of Error II {¶ 7} "In violation of due process of law and equal protection of the laws, and in a violation of O.R.C. 2929.18(E), the trial court reversibly erred by ordering restitution (in an amount of hundreds of thousands of dollars) without a hearing on the defendant-appellant's indigency status or the defendant-appellant's ability to pay said amount of restitution."
 {¶ 8} Appellant claims in his second assignment of error that the trial court is mandated by R.C. 2929.18(E) to hold a hearing to determine the offender's ability to pay restitution. R.C. 2929.18(E), however, is not a mandatory provision, and only states that "[a] court that imposes a financial sanction upon an offender may hold a hearing if necessary to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it."[6] Moreover, while R.C.2929.19(B)(6) requires trial courts to consider the offender's present and future ability to pay the amount of a sanction or fine, there are no express factors that must be considered or specific findings that must be made.[7] Also, there is no statutory mandate that the trial court hold a hearing.[8] All that is required under R.C. 2929.19(B)(6) is that the trial court "consider the offender's present or future ability to pay."
 {¶ 9} As discussed under Appellant's first assignment of error, he has failed to file a transcript of the trial court's proceedings. Accordingly, we are unable to review whether the court considered his ability to pay. As such, we must presume the regularity of the trial court proceedings and affirm its decision.
 {¶ 10} Consequently, Appellant's second assignment of error is hereby overruled.
 Assignment of Error III {¶ 11} "In a violation of due process of law, and in a violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, the trial court reversibly erred in an abuse of its discretion at sentencing, by predicting and so ordering that the "restitution amount will be increased in the future."
 {¶ 12} "Double jeopardy restrictions prevent a trial court from modifying a completed sentence by increasing it after execution of that sentence has commenced."[9] An addition to an already valid sentence would upset the defendant's legitimate expectation of finality.[10]
Moreover, once execution of a sentence commences, as is the case herein, the trial court may not amend the sentence to increase the punishment.[11] Despite this authority, we find Appellant's contention to be premature and not ripe[12] for review because there has yet to be a modification or increase to his already valid sentence. Accordingly, we overrule Appellant's third assignment of error.
 {¶ 13} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 HADLEY and BRYANT, JJ., concur.
[1] State v. Bonanno (June 24, 1999), Allen App. Nos. 1-98-59, 1-98-60, 1999-Ohio-815.
[2] Id.
[3] Burrell v. Kassicieh (1998), 128 Ohio App.3d 226, 232, citing Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
[4] App.R. 9(C), (D).
[5] See, e.g., Sugar Creek Tp. Bd. of Trustees v. Crawford (Apr. 19, 2002), Allen App. No. 1-01-130, 2002-Ohio-2082, quoting Burrell,128 Ohio App.3d at 232.
[6] Emphasis added.
[7] State v. Southerland (Apr. 22, 2002), Butler App. No. 2001-06-153, 2002-Ohio-1911, citing State v. Adkins (2001), 144 Ohio App.3d 633,647.
[8] Id.; State v. Martin (2000), 140 Ohio App.3d 326, 338,2000-Ohio-1942.
[9] Columbus v. Messer (1982), 7 Ohio App.3d 266, 286.
[10] State v. Fair (June 13, 1990), Summit App. No. 14343.
[11] State v. Cockerham (1997), 118 Ohio App.3d 767, 770, citingColumbus, 7 Ohio App.3d at 268.
[12] See State v. Morris (Aug. 18, 2000), Hamilton App. No. C-000027, for a discussion of the ripeness doctrine.