JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant John Large appeals from the trial court's sentencing order, including an eleven-month prison term and the requirement to make restitution in the amount of $17,000. For the following reasons, we affirm in part; reverse in part and remand.
 {¶ 3} Defendant pled guilty to theft in violation of R.C. 2913.02, a felony of the fifth degree. As part of the plea agreement, the parties agreed to have the probation department determine the amount of restitution. (Tr. 4). Defense counsel indicated that in agreeing to pay restitution defendant expected that the victim would substantiate the loss with some independent records to the probation department. (Tr. 5). At the court's suggestion, defense counsel wrote a letter to the probation department to that effect. (Tr. 12, 16). The court accepted defendant's plea and ordered a presentence investigation report.
 {¶ 4} At the sentencing hearing, defense counsel presented on the record various statutory factors for the court's consideration. This included factors pertaining to the unlikelihood of recidivism, such as defendant's alleged remorse and the fact that he has led a law-abiding life since 1991. (Tr. 15). In addition, defendant objected to the presentence investigation report concerning the findings of serious economic harm suffered by the victim and the finding of a violation of a position of trust which factors suggest a more serious nature of the offense. (Tr. 16-17). Defendant further objected to the estimated amount of the loss as alleged by the victim without corroborating evidence and in conflict with defendant's estimate of same. Id. Defendant requested the court to impose community control sanctions in lieu of a prison term. (Tr. 19).
 {¶ 5} The court further considered the testimony and written statements of the victims. (Tr. 19-2). While both victims estimate the loss at approximately $17,000, they both did not expect to receive any payment and instead urged the court to impose prison. (Tr. 21, 23). Neither witness provided any explanation of how that figure was ascertained.
 {¶ 6} The State submitted certified journal entries of defendant's prior offenses. (Tr. 22).
 {¶ 7} With regard to recidivism factors the court stated:
 {¶ 8} "The court does consider that the defendant has a prior adjudication [sic] delinquency or history of criminal convictions." (Tr. 24). The court then detailed the history.
 {¶ 9} With regard to the seriousness factors the court stated:
 {¶ 10} "The court does find this to be more serious. That the victim suffered serious, physical, psychological or economic harm as a result of the offenses." The court then explained by incorporating the statements of economic harm made by a victim in the letter read into the record. (Tr. 25). The court also found that the defendant held a position of trust and that the offense related to this position of trust and that his position facilitated the offense. (Tr. 26). The court finally considered that the defendant previously served a prison term. (Tr. 26).
 {¶ 11} The court found no evidence that would diminish the serious of defendant's conduct than the conduct normally constituting the offense. (Tr. 27). At that point, defense counsel asserted defendant's genuine remorse. The court disagreed based on the statements contained in the victim impact statement. The defense objected to consideration of this evidence and stated that defendant denied the accusations. (Tr. 29). The court imposed an eleven-month prison term with post release control, costs, and ordered defendant to make restitution in the amount of $17,000. (Tr. 32). Defendant appeals assigning four assignments of error which we will address in the order asserted and together where it is appropriate for discussion.
 {¶ 12} "I. The trial court committed prejudicial error in determining the amount of restitution awarded to the victim in this case as there was insufficient evidence and information in the record from which the court could reasonably ascertain an amount of restitution."
 {¶ 13} At the outset, we note that defendant does not challenge the fact that he agreed to make restitution as part of his plea agreement. Rather, defendant challenges on appeal, as he did below, the absence of evidence substantiating the amount of loss he has been ordered to pay the victims to a reasonable degree of certainty.
 {¶ 14} R.C. 2929.18(A)(1) authorizes the court to order restitution "to the victim of the offender's crime * * *, in an amount based on the victim's economic loss." Further, the statute mandates the court to determine the amount of restitution at the sentencing hearing. Id. "Economic loss" is defined by R.C. 2929.01(M) as follows:
 {¶ 15} "(M) `Economic loss' means any economic detriment suffered by a victim as a result of the commission of a felony and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the felony."
 {¶ 16} While the statute authorizes the court to impose restitution, it is well settled that the record must contain sufficient evidence for the court to ascertain the amount of restitution to "a reasonable degree of certainty." State v. Warner (1990), 55 Ohio St.3d 31,69. In other words, for due process reasons, the amount of restitution must bear a reasonable relationship to the loss suffered. State v.Williams (1986), 34 Ohio St.3d 33; State v. Hansen (March 22, 1990), Cuyahoga App. No. 56778 (it is an abuse of discretion to order restitution based upon unsubstantiated amounts claimed in a victim impact statement).[1]
 {¶ 17} The record is devoid of any evidence of actual loss beyond the shear estimates made by the victims without further elaboration. Defendant estimates the loss around $4,000 in contradiction to the estimated $17,000 suggested by the victims. Based on the foregoing law, the trial court erred by ordering restitution absent evidence of actual losses and/or an evidentiary hearing to determine with reasonable certainty as to the amount of the actual loss. See Hansen, supra (setting aside order of restitution and remanding the case for an evidentiary hearing).
 {¶ 18} Accordingly, this assignment of error is sustained, the order of restitution is vacated and the matter is remanded for a restitution hearing on the actual amount of loss suffered with a reasonable certainty by the victims.
 {¶ 19} "II. The trial court committed prejudicial error in imposing its sentence against appellant by considering certain seriousness factors set forth in R.C. § 2929.12(B).
 {¶ 20} "III. The trial court committed prejudicial error in imposing its sentence against appellant by failing to consider certain recidivism factors that demonstrate that the offender is less likely to commit future crime under R.C. § 2929.12(E).
 {¶ 21} "IV. The trial court committed prejudicial error in sentencing appellant to a prison term by failing to make certain necessary findings required under R.C. § 2929.13(B)."
 {¶ 22} Defendant contends that the trial court failed to comply with the directives of Ohio's sentencing laws. In this case, defendant pled guilty to a fifth degree felony offense. Accordingly, we turn to R.C. 2929.19(B)(2) which governs a sentence imposed for fifth degree felonies in pertinent part as follows:
 {¶ 23} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 24} "(a) * * * if it imposes a prison term for a felony of the fourth or fifth degree * * * its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (I) of section 2929.13 of the Revised Code that it found to apply relative to the offender."
 {¶ 25} The purposes and principles of felony sentencing are as follows:
 {¶ 26} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 27} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 28} "(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender." R.C. 2929.11.
 {¶ 29} With regard to the factors set forth in 2929.13(B)(1), the court found paragraphs (d)[2] and(g)[3] applicable. Having made these findings, R.C. 2929.13(B)(2) provides as follows:
 {¶ 30} "(2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11
of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
 {¶ 31} We note that the law requires the trial court to consider all relevant factors, including, but not limited to the 2929.12 factors. However, the trial court retains discretion as to what weight it gives those factors. State v. Kincaid (Nov. 8, 2001), Cuyahoga App. No. 79526.
 {¶ 32} Having reviewed the entire record, we find that the trial court made the requisite statutory findings.
 {¶ 33} In the first assignment of error, defendant objects to the court's application of the more serious factors finding that the defendant caused serious economic harm (R.C. 2929.12(B)(2)) and that the defendant held a position of trust (R.C. 2929.12(B)(3)). Defendant contends that the court should not have considered his crime to have caused "serious economic harm." We reject this contention. The record contains testimony from the victims to the effect that defendant's admitted offense nearly cost them their business. (Tr. 23). Further, even if we accept defendant's contention that R.C. 2929.12(B)(3) pertains to "positions of trust in the community" and was not intended to encompass defendant's job as an installation manager for a private company, the other "more serious" factors cited by the trial court would pertain to defendant's conduct in his position as an employee that facilitated his ability to commit this offense. R.C. 2929.12(B)(5) and (Tr. 26). Accordingly, the trial court did not abuse its discretion in finding that defendant's conduct constituted a more serious form of the offense and the second assignment of error is overruled.
 {¶ 34} Defendant then complains that the trial court failed to afford consideration to the less likely recidivism factors of defendant's alleged genuine remorse (R.C. 2929.12(E)(5)) and crime-free life since committing a crime in 1991 (R.C. 2929.12(E)(3)). However, the record establishes that defendant presented this exact information to the court at the sentencing hearing. Ibid. Consequently, while the court in its discretion appears to have afforded it little weight, the court necessarily considered the information. Ibid. Beyond the dispute over the existence of genuine remorse, the trial court made additional findings indicative of recidivism, that being that the defendant has a history of criminal convictions (R.C. 2929.12(D)(2)) and has previously committed probation violations (R.C. 2929.12(D)(3)). Defendant does not contest these findings. Accordingly, the third assignment of error is overruled.
 {¶ 35} Lastly, defendant contends that the trial court failed to make a finding that the defendant is not amenable to a community control sanction and that a prison term is consistent with the purposes and principles of sentencing set forth in 2929.11. The sentencing journal entry reflects that "the court finds that prison is consistent with the purpose of R.C. 2929.11." This taken in context with the court's other findings set forth previously herein, complied with the statutory requirements. The third assignment of error is overruled.
Judgment affirmed in part; reversed in part and remanded.
It is ordered that appellee and appellant shall each pay their respective costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and PATRICIA A. BLACKMON, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).
[1] The trial court may not delegate its authority to ascertain the amount of restitution to the probation department. State v. Cockerham
(1997), 118 Ohio App.3d 767, 770 (it is permissible for probation to structure payment schedule but not to determine what restitution should be); State v. Moore, 2002 Ohio 5047, Carroll App. No. 00AP0741.
[2] Defendant's position of trust facilitated the commission of the offense. Ibid.
[3] Defendant previously served a prison term. Ibid.