OPINION
{¶ 1} Appellant, Larry M. Schlee, appeals from the June 14, 2005 judgment entry of the Lake County Court of Common Pleas, dismissing his motion for relief from judgment.
 {¶ 2} The instant matter arises from the conviction and sentence of appellant on one count of aggravated murder for the murder of Frank Carroll ("Carroll") in 1980, in which appellant was given a life sentence. A brief review of the procedural history of this case is necessary.
 {¶ 3} On September 28, 1992, appellant was initially indicted by the Lake County Grand Jury on one count of aggravated murder in violation of R.C. 2903.01.[1] He pleaded not guilty and the matter proceeded to a jury trial. On March 31, 1993, the jury returned a guilty verdict, and appellant was sentenced to life imprisonment with parole eligibility after twenty years.
 {¶ 4} Appellant appealed his conviction to this court. InState v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, we affirmed his conviction.
 {¶ 5} Subsequently, appellant filed two motions for postconviction relief. His first motion for postconviction relief was filed on September 23, 1996, alleging ineffective assistance of counsel. Pursuant to its May 15, 1997 judgment entry, the trial court overruled appellant's petition without holding an evidential hearing. Appellant appealed to this court. In Statev. Schlee (Dec. 31, 1998), 11th Dist. No. 97-L-121, 1998 Ohio App. LEXIS 6363, we reversed and remanded the matter to the trial court to file findings of fact and conclusions of law that addressed each of his claims that were not barred by res judicata.
 {¶ 6} While the foregoing appeal was still pending, appellant filed a second petition for postconviction relief on December 18, 1997, alleging that he had newly discovered evidence to prove that appellee, the state of Ohio, committed a Crim.R. 16 discovery violation during his trial. Appellee filed a motion to dismiss appellant's second petition. Pursuant to its July 22, 1998 judgment entry, the trial court denied appellant's petition for postconviction relief, and granted appellee's motion to dismiss without an evidential hearing. The trial court determined that it could not entertain the petition because the submission failed to satisfy the requirements governing a second or successive petition for postconviction relief under R.C. 2953.23. From that judgment, appellant filed another notice of appeal with this court on August 21, 1998, which we affirmed in State v.Schlee (Dec. 17, 1999), 11th Dist. No. 98-L-187, 1999 Ohio App. LEXIS 6136.
 {¶ 7} With respect to appellant's first petition for postconviction relief, on remand, the trial court issued findings of fact and conclusions of law and entered a judgment entry on June 21, 1999. In that entry, the trial court addressed the three claims that were not barred by res judicata, and ultimately dismissed appellant's petition without holding an evidential hearing because he failed to demonstrate substantive grounds for relief on his ineffective assistance of counsel claims. Appellant timely filed an appeal on July 21, 1999. This court in State v.Schlee (Sept. 22, 2000), 11th Dist. No. 99-L-112, 2000 Ohio App. LEXIS 4354, affirmed the judgment of the trial court.
 {¶ 8} On July 2, 2002, appellant filed a motion for new trial based upon newly discovered evidence and prosecutorial misconduct. The trial court granted this motion on August 21, 2002. Appellee filed a notice of appeal and a motion for leave to appeal on September 20, 2002, but this court denied its motion on March 24, 2003. On June 19, 2003, the trial court set a trial date of November 3, 2003. On October 3, 2003, upon joint motion, the trial court continued the new trial until March 8, 2004.[2]
 {¶ 9} The new trial began as scheduled on March 8, 2004. Prior to commencement of the trial, appellant filed a motion to dismiss the charge on speedy trial grounds. The trial court denied appellant's motion and proceeded with the trial. On March 19, 2004, the jury returned a guilty verdict. On March 26, 2004, appellant was sentenced to life imprisonment with parole eligibility after fifteen years.
 {¶ 10} On April 2, 2004, appellant filed a motion for new trial, which was overruled by the trial court on April 15, 2004, after a hearing. Appellant timely filed a notice of appeal. This court affirmed appellant's conviction in State v. Schlee, 11th Dist No. 2004-L-070, 2005-Ohio-5117.
 {¶ 11} On October 26, 2004, appellant filed an application for DNA testing. Pursuant to its November 16, 2004 judgment entry, the trial court denied his application. The trial court determined, pursuant to R.C. 2953.74, that a prior inconclusive DNA test was conducted regarding the same biological evidence that appellant sought to have tested. Appellant filed a timely notice of appeal, alleging that the trial court erred by denying his application for DNA testing. We affirmed the trial court's judgment in State v. Schlee, 11th Dist. No. 2004-L-207,2006-Ohio-2391.
 {¶ 12} On March 16, 2005, appellant filed a pro se motion for relief from judgment, pursuant to Civ.R. 60(B), in which he alleged violations of his Fifth, Sixth, and Fourteenth Amendment rights, including prosecutorial misconduct and the right to a fair trial. Appellee filed a motion to dismiss on April 8, 2005.[3] On April 21, 2005, appellant filed a pro se motion to have appellee's motion to dismiss stricken from the record as well as a pro se motion for default judgment. Appellee filed briefs in opposition on May 5, 2005.[4] On May 23, 2005, appellant filed a pro se motion to strike and to renew his motion for default judgment. Pursuant to its May 24, 2005 judgment entry, the trial court ordered appellee to serve upon appellant, instead of his counsel of record, all past and future motions and briefs relating to his motion for relief from judgment. Appellee complied with the trial court's order on May 26, 2005.
 {¶ 13} Pursuant to its June 14, 2005 judgment entry, the trial court determined the following: appellee's motion to dismiss was granted; appellant's motion for relief from judgment was dismissed; appellant's motion to have appellee's motion to dismiss was denied; appellant's motion for default judgment was denied; and appellant's motion to strike and renew his motion for default judgment was denied. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:[5]
 {¶ 14} "[1.] The trial court erred and/or abused its discretion to the prejudice of [appellant] when it ruled on his Civ.R. 60(B) motion.
 {¶ 15} "[2.] The trial court erred and/or abused its discretion to the prejudice of [appellant] when it recast his Civ.R. 60(B) as, and reviewed it under the standards applicable to a postconviction petition.
 {¶ 16} "[3.] The trial court erred and/or abused its discretion to the prejudice of [appellant] when it granted [appellee's] untimely responses."
 {¶ 17} In his first assignment of error, appellant argues that the trial court erred and/or abused its discretion when it ruled on his Civ.R. 60(B) motion. He alleges that the trial court did not possess subject matter jurisdiction to take any action during the pendency of his direct appeal, Schlee, supra, 11th Dist. No 2004-L-207, 2006-Ohio-2391, until jurisdiction was remanded by this court.
 {¶ 18} In his second assignment of error, appellant contends that the trial court erred and/or abused its discretion when it recast his Civ.R. 60(B) as, and reviewed it under, the standards applicable to a postconviction petition. He stresses that the trial court did not have jurisdiction to take any action; it was improper for the trial court to recast his motion for relief from judgment as a postconviction petition; and a Civ.R. 60(B) motion was the proper vehicle for the quality of evidence presented.
 {¶ 19} Because appellant's first and seconds assignments of error are interrelated, we will address them in a consolidated fashion.
 {¶ 20} "`[W]ith respect to a Civ.R. 60(B) motion for relief from judgment, an appeal divests the trial court of jurisdiction to consider the motion, and * * * "jurisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion."'" State v. Lorraine (Dec. 12, 1997), 11th Dist. No. 96-T-5494, 1997 Ohio App. LEXIS 5564, at 6-7. However, petitions for postconviction relief, as codified in R.C. 2953.21(C), provides that trial courts "shall consider a petition that is timely filed * * * even if a direct appeal of the judgment is pending."
 {¶ 21} This court stated in State v. Harrison, 11th Dist. No. 2004-P-0068, 2005-Ohio-4212, at ¶ 10-12:
 {¶ 22} "Ohio courts have taken a variety of approaches regarding the application of Civ.R. 60 to criminal proceedings. Some courts have simply held that it does not apply to criminal proceedings. See State v. Bluford, 8th Dist. No. 83112,2003-Ohio-6181, at ¶ 15. Other courts have ruled that a Civ.R. 60 motion filed in a criminal matter must be treated as [a] motion for postconviction relief. State v. Szerlip, 5th Dist. No. 02CA45, 2003-Ohio-6954, at ¶ 22. However, for the reasons that follow, we hold Civ.R. 60 may be applied in criminal cases under certain circumstances.
 {¶ 23} "`If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists.' Crim.R. 57(B). Therefore, if the criminal rules address an issue, the civil rules do not apply in criminal matters, but the civil rules may apply where there is no criminal rule on point. State v. Belknap, 11th Dist. No. 2002-P-0021,2004-Ohio-5636, at ¶ 25. See, also, e.g., State v. Bush, 11th Dist. No. 97-T-0035, 1998 Ohio App. LEXIS 427, at 4, fn.1. As such, courts have held that Crim.R. 57 provides for the application of Civ.R. 60 in criminal cases in some circumstances. See State v. Plassman, 6th Dist. No. F-03-017, 2004-Ohio-279, at ¶ 7; State v. Lehrfeld, 1st Dist. No. C-030390,2004-Ohio-2277, at ¶ 7; See, also, e.g., State v. Bush, at 4, fn.1
 {¶ 24} "Accordingly, in certain circumstances, Civ.R. 60 may be applicable to criminal matters. * * *"
 {¶ 25} The Supreme Court of Ohio in State v. Reynolds
(1997), 79 Ohio St.3d 158, 160, stated: "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." Also, it is well-settled that prosecutorial misconduct may support a R.C. 2953.21 petition for postconviction relief. State v. Singerman (1996), 115 Ohio App.3d 273, 276, citing State v. Walden (1984), 19 Ohio App.3d 141.
 {¶ 26} In the case at bar, the trial court properly determined that appellant's pro se motion for relief from judgment, despite its caption, was really a petition for postconviction relief under R.C. 2953.21.
 {¶ 27} In its June 14, 2005 judgment entry, the trial court, citing to Reynolds, supra, stated that "because [appellant's] motion for relief from judgment pursuant to Civ.R. 60(B) is a motion filed by a criminal defendant, subsequent to the filing of a direct appeal, seeking vacation of the judgment on the basis that his constitutional rights have been violated, it meets the definition of a petition for postconviction relief under R.C.2953.21. Because there is an applicable statute, it is not necessary to look to the civil rules in this situation." (Footnote omitted.) The trial court further indicated that "Civ.R. 60(B) motions have been permitted when a trial court overrules a petition for postconviction relief pursuant to R.C.2953.21 to seek reconsideration of the order overruling the petition because postconviction relief is a civil proceeding. [Appellant's] motion in this case does not seek reconsideration of an order overruling a petition for postconviction relief." (Footnote omitted.)
 {¶ 28} Additionally, the trial court stated that "R.C.2953.21(A)(2) provides that a petition for postconviction relief shall be filed no later than one hundred eighty days after the date the trial transcript is filed in the court of appeals in the direct appeal. The transcript was filed in the court of appeals on June 2, 2004. The statute of limitations for a petition for postconviction relief expired on November 29, 2004. Therefore, [appellant's] petition for postconviction relief is untimely and cannot be considered by the court unless the petitioner shows that he was unavoidably prevented from discovery of the facts upon which the petition is based, or that the United States Supreme Court has recognized a new federal or state right that applies retroactively, and shows by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. [Appellant] has not alleged that these circumstances exist. Additionally, [appellant's] brief indicates that the facts upon which he bases his petition were known to him prior to the expiration of the time period for the filing of a petition for postconviction relief. Thus, the court finds that [appellant's] petition for postconviction relief is untimely, and is hereby dismissed." (Footnote omitted.)
 {¶ 29} We note that appellant's pro se motion for relief from judgment includes alleged instances of prosecutorial misconduct occurring prior to his 1993 and 2004 jury trials. Appellant had an opportunity in his direct DNA appeal and/or post-conviction exercises, which was a completely separate subject matter having no relationship whatsoever with the issues raised in this appeal, to address the alleged prejudicial and constitutional violations committed by appellee. See Reynolds, Singerman, and Walden,
supra. The trial court properly did not resort to the Civil Rules of Procedure, and treated appellant's Civ.R. 60(B) motion as a petition for postconviction relief. As such, the trial court was not divested of jurisdiction when it ruled on appellant's Civ.R. 60(B) motion. See R.C. 2953.21(C). Also, based on the record, the trial court did not abuse its discretion by dismissing as untimely appellant's petition for postconviction relief. Further, appellant failed to show that he was unavoidably prevented from discovery of the facts upon which his petition was based.
 {¶ 30} Appellant's first and second assignments of error are without merit.
 {¶ 31} In his third assignment of error, appellant contends that the trial court abused its discretion when it granted appellee's untimely responses, filed on April 8, 2005, and on May 5, 2005. He claims that appellee failed to serve him directly with those responses. Appellant stresses that the trial court erred when it allowed appellee to put its untimely responses on the record, and when it considered them in making its decision. He argues that the trial court did not have jurisdiction to take any action or the authority to allow appellee to file and serve its late responses.
 {¶ 32} Crim.R. 49(B) provides: "[w]henever under these rules or by court order service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon the party shall be made in the manner provided in Civil Rule 5(B)."
 {¶ 33} In the instant matter, the record establishes that appellee complied with its service requirements, pursuant to Crim.R. 49(B), when it initially served its responses in a timely manner upon appellant's counsel of record, Attorney Kucharski and Attorney Grieshammer. Because there is nothing in the record that appellant ever dismissed his counsel of record, appellee properly served its responses upon his counsel of record until the trial court ordered it to do otherwise.
 {¶ 34} Again, on March 16, 2005, appellant filed a pro se motion for relief from judgment pursuant to Civ.R. 60(B). Appellee filed a motion to dismiss on April 8, 2005, in which it served appellant's counsel of record. On April 21, 2005, appellant filed a pro se motion to have appellee's motion to dismiss stricken from the record as well as a pro se motion for default judgment. Appellee filed briefs in opposition on May 5, 2005, again serving upon appellant's counsel of record. On May 23, 2005, appellant filed a pro se motion to strike and to renew his motion for default judgment. According to its May 24, 2005 judgment entry, the trial court ordered appellee, pursuant to Crim.R. 49(B), to serve upon appellant, instead of his counsel of record, all past and future motions and briefs relating to his motion for relief from judgment. Appellee promptly complied with the trial court's order on May 26, 2005. Thus, appellee's responses were not untimely. We do not agree with appellant that the trial court should have stricken them from the record.
 {¶ 35} Appellant's third assignment of error is without merit.
 {¶ 36} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
William M. O'Neill, J., Diane V. Grendell, J., concur.
[1] Although Carroll was murdered in 1980, his body was discovered in New York in 1981, and remained unidentified until 1992.
[2] The trial court permitted the delay for the purpose of DNA testing.
[3] Counsel of record for appellant, Attorney Carolyn Kucharski ("Attorney Kucharski") and Attorney Charles Grieshammer ("Attorney Grieshammer"), were served appellee's motion to dismiss.
[4] Appellee served appellant's counsel of record with the briefs in opposition.
[5] Prior to filing his appeal, on June 20, 2005, appellant filed a pro se motion to vacate, in part, the trial court's May 24, 2005 judgment entry, as well as to strike appellee's answers from the record, and to stay further proceedings. On June 23, 2005, appellant filed a pro se motion to vacate the trial court's June 14, 2005 judgment entry regarding his Civ.R. 60(B) motion. Appellee filed briefs in opposition on June 28, 2005, and on July 5, 2005. Pursuant to its July 8, 2005 judgment entry, the trial court denied appellant's June 20, 2005 motion. Also, on July 8, 2005, appellant filed a pro se motion in response to appellee's brief in opposition filed June 28, 2005, as well as a motion to renew his motions to vacate filed June 20 and June 23, 2005. Appellant filed a timely notice of appeal on July 11, 2005. On August 17, 2005, appellant filed with this court a pro se motion to dismiss his notice of appeal and to vacate the trial court's June 14, 2005 judgment entry because of a lack of jurisdiction. Appellee filed a brief in opposition on August 29, 2005. On September 7, 2005, appellant filed a pro se reply brief. Pursuant to this court's January 23, 2006 judgment entry, we overruled appellant's August 17, 2005 pro se motion to vacate the appealed judgment.