OPINION
{¶ 1} Defendant-Appellant Michael E. Dillon ("Dillon") appeals from the September 21, 2006 Judgment Entry of the Court of Common Pleas, Hancock County, Ohio ordering a continuation of restitution payments by Dillon in the amount of $252,417.50 with interest at the rate of 9% via monthly payments of $2,500.00 per month.
 {¶ 2} This matter arises out of a criminal prosecution of Dillon for three counts of Aggravated Theft, felonies of the second degree, in violation of Ohio Revised Code section 2913.02(A)(1). Dillon entered guilty pleas to all three *Page 3 
counts of Aggravated Theft, and on February 6, 1995 the Hancock County Court of Common Pleas conducted Dillon's sentencing hearing. On count one, Dillon was sentenced to an indeterminate prison term of five to 15 years and ordered to pay restitution to New York Life Insurance in the amount of $105,718.00 and to Mary Reimund in the amount of $50,560.00. On count two, Dillon was sentenced to an indeterminate prison term of five to 15 years and ordered to pay restitution to New York Life Insurance in the amount of $405,544.00. On count three, Dillon was sentenced to an indeterminate prison term of five to 15 years and ordered to pay restitution to New York Life Insurance in the amount of $39,488.50 and to Florence Bradley in the amount of $135,000.00 plus accrued interest. The trial court ordered that Dillon's sentences would be served consecutively for a total aggregate term of 15 to 45 years. Dillon was given credit for 146 days served. (See February 10, 1995 Judgment Entry). Dillon did not dispute the amounts awarded for restitution and did not appeal the trial court's sentence.
 {¶ 3} On September 1, 2000 the trial court granted Dillon's request to be released from prison on shock probation pursuant to R.C. 2947.061. The court suspended the balance of Dillon's sentence and placed him on intensive supervised probation under the supervision of the Hancock County Adult Probation Department for a period of five years. As one of the conditions of his *Page 4 
probation, the trial court ordered Dillon to make restitution in the same amounts as ordered by the court in its February 10, 1995 Judgment Entry.
 {¶ 4} On September 1, 2005 the trial court issued a Judgment Entry discharging Dillon from probation as he had served the maximum period of time on probation. In its Judgment Entry the trial court noted that Dillon had been making regular monthly payments towards the court ordered restitution. However, at the time of his discharge from probation, Dillon was still responsible for a balance of $27,652.50 owed as restitution to Mary Reimund, $550,750.00 owed as restitution to New York Life, and $115,442.50 owed as restitution to Florence Bradley (to be distributed as $42,557.05 to Ardythe Predmore, $43,757.12 to the Attorney General of Ohio, and $29,128.33 to John Kelly).
 {¶ 5} On February 15, 2006 John Kelly filed a motion to continue restitution payments on behalf of the estate of Florence Bradley and asked the court for a determination of the balance due[1]. Without conducting a hearing, and relying only on the documents filed by Kelly, the trial court entered a Judgment Entry determining that as of May 1, 2006, Dillon owed Ardythe Predmore, John Kelly and the Attorney General of Ohio the total sum of $252,417.50 together with interest thereon at the rate of 9% per annum from May 1, 2006. The trial court ordered that this sum was to be split as follows: 37.5% to both Ardythe *Page 5 
Predmore and the Attorney General of Ohio and 25% to John Kelly. Additionally, the court ordered Dillon to pay $2,500.00 to the Clerk of Courts on the first day of each month commencing August 1, 2006 to fulfill his restitution obligation.[2]
 {¶ 6} Dillon now appeals, asserting two assignments of error.
 ASSIGNMENT OF ERROR NO. 1 THE LOWER COURT ERRED IN ENTERING ITS SEPTEMBER 21, 2006 JUDGMENT ENTRY AS THE COURT LACKED JURISDICTION TO ORDER A CONTINUATION OF RESTITUTION AND/OR ESTABLISH RESTITUTION IN AN AMOUNT GREATER THAN ORDERED AT THE TIME OF SENTENCING AND/OR THE TERMINATION OF PROBATION.
 ASSIGNMENT OF ERROR NO. 2 THE LOWER COURT ERRED TO THE DETRIMENT OF THE APPELLANT BY ORDERING A CONTINUATION AND INCREASE IN RESTITUTION WITHOUT JURISDICTION OVER THE MATTER AND WITHOUT SCHEDULING NOR CONDUCTING A HEARING ON THE ISSUE OF RESTITUTION AND APPELLANT'S PRESENT OR FUTURE ABILITY TO PAY FOLLOWING THE MOTION FOR CONTINUATION OF RESTITUTION FILED FEBRUARY 15, 2006.
 {¶ 7} In his two assignments of error Dillon argues that the trial court lacked jurisdiction to enter its September 21, 2006 Judgment Entry, and therefore erred and abused its discretion in ordering restitution in an amount greater than ordered at the time of Dillon's sentencing and at the time his probation was *Page 6 
terminated. As Dillon's two assignments of error raise substantially similar issues, we shall address them together.
 {¶ 8} An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id. Thus, it is within these constructs that we must examine Dillon's assignments of error.
 {¶ 9} In reviewing Dillon's assignments of error, we must first address the trial court's jurisdiction over this matter subsequent to Dillon's sentencing and discharge from probation.
 {¶ 10} Initially, we note that R.C. 2929.11 provides that a trial court that sentences an offender for a felony shall consider the need for making restitution to the victim of the offense, the public, or both. R.C. 2929.18 governs the actual imposition of financial sanctions. Generally, the right to order restitution is limited to the actual damage or loss caused by the offense of which the defendant is convicted. State v. Williams (1986), 34 Ohio App.3d 33, 34,516 N.E.2d 1270. Implicit in this principle is that the amount claimed must be established to a reasonable degree of certainty before restitution can be ordered. Id. There must be a due process ascertainment that the amount of restitution bears a reasonable *Page 7 
relationship to the loss suffered. State v. Cockersham (1997),118 Ohio App.3d 767, 771, 694 N.E.2d 95. Accordingly, the trial court is required to make the determination as to the amount of restitution. Id.
 {¶ 11} The sentence constitutes the judgment in a criminal case.State v. Bell, 10th Dist. No. 03AP-1282, 2004-Ohio-5256
at ¶ 13 citing City of Columbus v. McCafferty (May 15, 1979), Franklin App. No. 79AP-85, unreported. A court has no authority to reconsider its own valid final judgments in criminal cases. State ex rel. Hansen v.Reed (1992), 63 Ohio St.3d 597, 599, 589 N.E.2d 1324 citing Brook Parkv. Necak (1986), 30 Ohio App.3d 118, 506 N.E.2d 936. Once execution of a sentence commences, the trial court may not amend the sentence to increase the punishment. State v. Cockersham (1997), 118 Ohio App.3d 767
at 770, citing Columbus v. Messner (1982), 7 Ohio App.3d 266, 268,455 N.E.2d 519.
 {¶ 12} In the present case, Dillon was sentenced on February 10, 1995 to a total aggregate term of 15 to 45 years in prison for his convictions of three counts of Aggravated Theft, all felonies of the second degree, in violation of R.C. 2913.02(A)(1). At sentencing, the trial court also ordered Dillon to pay restitution to New York Life Insurance in the amount of $550,750.50, to Mary Reimund in the amount of $50,560.00, and to Florence Bradley in the amount of $135,000.00 plus accrued interest[3] for a total restitution amount of $736,310.00. *Page 8 
 {¶ 13} On September 1, 2000 the trial court granted Dillon's request to be released from prison on shock probation. The balance of Dillon's sentence was suspended and he was placed on probation for a period of five years. Pursuant to the trial court's September 1, 2000 Judgment Entry, Dillon was ordered to make restitution in the same amounts as ordered by the court at sentencing.[4]
 {¶ 14} On September 1, 2005 the trial court entered a Judgment Entry discharging Dillon from probation wherein the court again set forth the original amounts of restitution that Dillon was ordered to pay: $550,750.50 to New York Life Insurance, $50,560.00 to Mary Reimund, and $135,000.00 to Florence Bradley.[5] However, the trial court noted that Dillon had been making regular monthly payments toward the restitution and set forth the remaining balances as follows: $550,750.00 to New York Life, $27,652.50 to Mary Reimund, and $115,442.50 to Florence Bradley (distributed as $42,557.05 to Ardythe Predmore, $43,757.12 to the Attorney General of Ohio, and $29,128.33 to John Kelly) for a total amount owing of $693,845.00. *Page 9 
 {¶ 15} We find that Dillon's original sentence, including the amounts of restitution to be paid pursuant to R.C. 2929.18, imposed by the trial court in its February 10, 1995 Judgment Entry was a valid final sentence which the court did not have the authority to modify. See State v.Cockersham (1997), 118 Ohio App.3d 767, 770, 694 N.E.2d 95 citingState v. Addison (1987), 40 Ohio App.2d 7, 530 N.E.2d 1335. Furthermore, when discharging Dillon from probation on September 1, 2005 the trial court reestablished the definitive amount of restitution — the original amount of restitution ordered less the amounts previously paid by Dillon for an outstanding balance of $550,750.00 to New York Life, $27,652.50 to Mary Reimund, and $115,442.50 to Florence Bradley ($42,557.05 to Ardythe Predmore, $43,757.12 to the Attorney General of Ohio, and $29,128.33 to John Kelly).
 {¶ 16} Accordingly, as the trial court had no authority to reconsider its own valid final judgment in this criminal case and may not amend a sentence to increase the punishment, we find that the trial court erred and abused its discretion by entertaining Kelly's motion to continue restitution payments and request for a determination of the balance due.[6] Furthermore, we find that the trial court erred and abused its discretion by entering its September 21, 2006 Judgment Entry and *Page 10 
ordering restitution in an amount greater than ordered at the time of Dillon's sentencing and at the time his probation was terminated.
 {¶ 17} Additionally, while not directly before us, we are concerned with the effect of Kelly's motion to continue restitution payments and request for a determination of the balance due. While not specifically enumerated as such, we find that Kelly's motion acted as a motion to intervene as neither Kelly nor the beneficiaries of the estate of Florence Bradley were actual parties to Dillon's underlying criminal case.
 {¶ 18} Although the present case is criminal in nature, there is no criminal rule specifically addressing intervention. If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with the rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists. State v. Schlee, 11th
Dist. No. 2005-L-105, 2006-Ohio-3208 at ¶ 23; Crim.R. 57(B). Therefore, if the criminal rules address an issue, the civil rules do not apply in criminal matters, but the civil rules may apply where there is no criminal rule on point. Id. citing State v. Belknap, 11th
Dist. No. 2002-P-0021, 2004-Ohio-5636 at ¶ 25.
 {¶ 19} Intervention in a civil case is governed by Civil Rule 24, which provides in relevant part as follows:
 (A) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this *Page 11 state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless that applicant's interest is adequately represented by existing parties.
 * * *
 (C) Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Civ.R. 5. The motion and any supporting memorandum shall state the grounds for intervention and shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought . . .
 {¶ 20} The timeliness of a motion to intervene depends upon the individual facts of the case, with special attention paid to the following:
 . . . the stage of the proceedings at the time of the motion, the purpose for which intervention is sought, the length of time preceding the application during which the proposed intervenor knew or should have known of his interest in the case, any prejudice to the original parties resulting from the proposed intervenor's delay in moving for intervention, and any unusual circumstances favoring or disfavoring the granting of the motion.
HER, Inc. v. Parenteau (2003), 153 Ohio App.3d 704, 709, 795 N.E.2d 720. Additionally, the timeliness of a motion to intervene is a matter within the sound discretion of the trial judge. Lee v. Carrick (Sept. 21 1995), Seneca App. No. 13-95-10, 1995 WL 557530, unreported. Although Civ.R. 24 does not make a distinction between intervention before and after final judgment, the rule generally is applied less liberally after the judgment. Smoyer v. Smoyer (June 29, 1984), *Page 12 
Wood App. No. WD-84-9, 1984 WL 7926, unreported. In fact, intervention after final judgment has been entered is unusual and ordinarily will not be granted. The State ex rel. First New Shiloh Baptist Church v.Meagher (1998), 82 Ohio St.3d 501, 504, 696 N.E.2d 1058.
 {¶ 21} We note that Kelly has not provided this court with any case law or other authority to support his presumed ability to intervene (personally and in his capacity as attorney for the beneficiaries of the estate) in this case to request that the trial court determine the outstanding restitution balance. We also note that Kelly did not comply with Civ.R. 24(C) as he did not serve a copy of his motion on the Plaintiff-Appellee, the Hancock County Prosecutor's Office.
 {¶ 22} Applying Civ.R. 24(A) to the facts of the present case, we find that Kelly and the beneficiaries obviously had an interest relating to the "property or transaction that is the subject of the action" as they were the victims of Dillon's criminal acts and were awarded restitution by the trial court. However, we find that their interests were
adequately represented by existing parties, i.e. the State of Ohio through the Hancock County Prosecutor's Office, and therefore find that Kelly and the beneficiaries should not have been permitted to request that the court continue restitution payments and determine the balance of restitution due.
 {¶ 23} Furthermore, we note that R.C. 2929.18 governs the imposition of financial sanctions and provides that the court imposing a sentence upon an *Page 13 
offender for a felony may sentence the offender to any financial sanction authorized under this section. Additionally, R.C. 2929.18(H) provides that "[n]o financial sanction imposed under this section or section 2929.32 of the Revised Code shall preclude a victim from bringing a civil action against the offender."
 {¶ 24} Based upon the foregoing we find that the trial court lacked jurisdiction to enter its September 21, 2006 Judgment Entry. Thus, we find that the trial court erred and abused its discretion when it ordered Dillon to pay restitution in an amount greater than ordered at the time of his sentencing hearing and at the time his probation was terminated. Accordingly, we find that the September 1, 2005 Judgment Entry discharging Dillon from probation and finding that Dillon was still responsible for restitution in the amount of $27,652.50 to Mary Reimund, $550,750.00 to New York Life, and $115,442.50 to Florence Bradley (distributed as $42,557.05 to Ardythe Predmore, $43,757.12 to the Attorney General of Ohio, and $29,128.33 to John Kelly) is the controlling Judgment Entry in the present case, subject to any reduction in restitution by virtue of payments made by Dillon subsequent to its entry. *Page 14 
 {¶ 25} Therefore, Dillon's two assignments of error are sustained and the September 21, 2006 Judgment Entry of the Court of Common Pleas, Hancock County, Ohio is vacated.
Judgment vacated and cause remanded.
ROGERS, P.J., and WILLAMOWSKI, J., concur. r
[1] We note that the State of Ohio, represented through the Hancock County Prosecutor's Office, was not served with a copy of Kelly's motion.
[2] The State of Ohio also was not served with a copy of the trial court's September 21, 2006 Judgment Entry.
[3] The "plus accrued interest" language was only applicable to the $135,000.00 in restitution ordered to be paid to Florence Bradley.
[4] We note that the trial court's September 1, 2000 Judgment Entry stated that "[t]he amount of the monthly payments toward restitution is to be determined by the Adult Probation Department." This Judgment Entry also provided that "[a]n initial accounting of moneys taken in this offense is due to the Adult Probation Department within ninety (90) days of this date. A final accounting is due in a reasonable time thereafter."
[5] We note that the September 1, 2005 Judgment Entry made no reference to the "plus accrued interest" to be paid to Florence Bradley on the $135,000.00 ordered to be paid.
[6] See, also, State v. Purnell lst Dist. No. C-060037,2006-Ohio-6160. *Page 1